JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, Christopher Packard, appeals the trial court's denial of his motion for attorney fees from defendant, Deborah Mayer-Packard. The parties were divorced by agreed judgment entry in April 2002 with Christopher designated as residential parent and legal custodian of their only child. The agreed entry included a visitation schedule for Deborah. Eight months after the divorce decree took effect, Deborah filed motions to modify allocation of parental rights and responsibilities and to terminate child support, along with a motion for shared parenting, which motions Christopher opposed with a motion to dismiss. Christopher also filed a motion for attorney fees incurred in responding to Deborah's motions.
 {¶ 2} Deborah obtained new counsel, who dismissed the original motions because they were deficient and filed amended motions in their place. Christopher's motion to dismiss the original motions was ruled moot by the trial court, but his motion for attorney fees remained. The magistrate held a hearing on Christopher's motion for attorney fees, which was only for the costs incurred in dealing with the original motions subsequently dismissed. The magistrate recommended awarding Christopher $1,500 in attorney fees. The trial court overruled the magistrate's recommendation. In his appeal of this decision,[1]
Christopher stated two assignments of error, the first of which follows:
"I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN SUSTAINING APPELLEE'S OBJECTIONS TO THE MAGISTRATE'S DECISION ON THE BASIS OF A DECISION OF THIS COURT OF APPEALS THAT HAD BEEN EXPRESSLY OVERRULED BY THIS COURT."
 {¶ 3} Christopher argues that the trial court relied on a case which this court had already overruled when it denied his motion for attorney fees. The decision to award attorney fees is discretionary. Dzina v.Dzina, Cuyahoga App. No. 83148, 2004-Ohio-4497 ¶ 73. "This trial court's discretion will not be overruled absent an attitude that is unreasonable, arbitrary or unconscionable." Rand v. Rand (1985),18 Ohio St.3d 356, 359, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 4} The trial court's judgment entry stated:
"DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION ARE HEREBY SUSTAINED AND THE DECISION OF THE MAGISTRATE ADOPTED AS MODIFIED BELOW:
Plaintiff Christopher Packard's Motion for Attorney Fees #124808 isdenied. [Kassouf v. Pantona (Sept. 1, 1994), Cuyahoga App. No. 66196, 1994 Ohio App. LEXIS 3887]. (Emphasis in original.)"
 {¶ 5} Christopher correctly observes that this court overruled, in part, Kassouf v. Pantona. Kassouf addressed awarding of attorney fees on the authority of Domestic Relations Local Rule 21.
This local rule is not, however, the only basis for issuing attorney fees in a domestic relations matter. Statutory law also governs the award of attorney fees in such cases. We note that although there is no entitlement to attorney fees in a domestic case, the court may decide on a case-by-case basis whether attorney fees would be equitable.
 {¶ 6} At the time the briefs were written, R.C. 3105.18(H)[2] was the controlling statute on the subject of attorney fees; however, the legislature subsequently repealed subsection (H). The notes to the new statute indicate that the legislature intended the new statute to apply retroactively:
"Section 3105.18 [the former statute] of the Revised Code, as amended by this act, and section 3105.73 [the new statute] of the Revised Code, as enacted by this act, apply to any action for divorce, legal separation, or annulment of marriage or any post-decree action orproceeding arising from a divorce, legal separation, annulment, or dissolution of marriage if any of the following apply:
* * *
(B) The action or proceeding is brought, or a notice of appeal in theaction or proceeding is filed, prior to the effective date of this act,and the action or proceeding is pending in a trial or appellate court onthe effective date of this act.
* * * (Emphasis added.)"
 {¶ 7} R.C. 3105.73, therefore, is the controlling statute in this case. It states in pertinent part:
"(B) In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award
all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties'income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets. (Emphasis added.)"
 {¶ 8} As a preliminary matter, we should clarify that there are no automatic attorney fees in domestic relations court. We note that Christopher did not request findings of fact and conclusions of law on the court's decision denying him attorney fees. Without findings of fact and conclusions of law, we must presume the court reviewed the entire record and relied on it in making its decision. We therefore examine the record to determine whether it contains sufficient evidence to support the court's ruling that the denial of attorney fees was equitable.Cimperman v. Cimperman, Cuyahoga App. No. 80807, 2003-Ohio-869 ¶ 38.
 {¶ 9} Christopher testified that he made only $13,000 per year. Despite this meager income, he gave a $7,500 retainer to his attorney, who charges $300 per hour. He provided no documentation of his income, and it was within the trial court's discretion to evaluate his credibility as to his stated income and to question his veracity. The child support worksheet from the divorce action reflects that Christopher's imputed income eight months earlier was $24,407 and Deborah's was $26,000. The court did not have current information concerning Deborah's income. Her child support obligation was $4,800 per year, or $408 per month with poundage. The court could properly question on the basis of their relative incomes — adjusted for credibility — whether an award of attorney fees would be equitable.
 {¶ 10} Christopher also complains at length in his appellate brief that the dismissed motions were frivolous and that he should receive attorney fees as a sanction against Deborah. The only mention of this argument below, however, was the statement in his motion for reconsideration that he "was required to defend a motion that was so defective that [Deborah's] new counsel was forced to dismiss at [Christopher's] insistence." Christopher also testified that "Deborah has stated numerous times, it is her intention to spend every dime" Christopher had, as well as all his parents' money, "until [they were] all penniless." Motion for Reconsideration at 4 and Tr. at 23.
 {¶ 11} First, we note that Christopher filed his motion not under R.C. 2323.51, which controls frivolous civil actions, but rather under Domestic Relations Local Rule 21. This rule never mentions misbehavior of the opposing party as grounds for an award of attorney fees. The argument that Deborah filed the later-dismissed motions frivolously, therefore, has no bearing under the rule Christopher relies on. Further, Christopher relies on case law in which attorney fees were awarded following either a finding of contempt or frivolous conduct. Curtis v. Curtis (2000),140 Ohio App.3d 812, 815. No such findings were made here.
 {¶ 12} Nor was there any evidence of frivolous conduct.[3] Not only were the motions refiled shortly after the first set were dismissed, but the parties entered into an agreed judgment entry which resolved the issues raised in the motions. Although the parties agreed not to change the terms of the child support, they did rewrite the parenting order. The motions were not, therefore, frivolous. The first set of motions, which had the same purpose as the second, was dismissed only because they were deficient in form, not because they lacked merit.
 {¶ 13} Because Christopher's claimed income is not entirely credible and Deborah's income is very modest and because the motions, although deficient in form did not lack merit, we conclude the record demonstrates some credible evidence to support the trial court's ruling. The evidence does not show an abuse of discretion in the trial court's decision that equity did not require an award of attorney fees to Christopher. The first assignment of error is overruled.
 {¶ 14} For his second assignment of error, Christopher states:
"II. THE TRIAL COURT ABUSED ITS DISCRETION TO APPELLANT'S PREJUDICE IN SUSTAINING OBJECTIONS TO THE MAGISTRATE'S DECISION AND THEREAFTER DENYING APPELLANT ATTORNEY FEES AWARDED BY THE MAGISTRATE."
 {¶ 15} Christopher argues in his brief that the "only basis upon which the trial court sustained the objections and denied attorney fees wasKassouf v. Pantona * * *." Appellant's brief at 5. In Villa v. Villa,
this court limited the applicability of Loc.R. 21(B) when it stated:
"Loc. R. 21(B) cannot require that income and expenses be considered, because local rules can not establish substantive rights. See Woloch v.Foster (1994), 98 Ohio App.3d 806, 809, 649 N.E.2d 918. To the extent that it conflicts with this decision, Kassouf v. Pantona, 1994 Ohio App. LEXIS 3887 (Sept. 1, 1994), Cuyahoga App. No. 66196, unreported, is overruled. Kassouf is distinguishable because there was no evidence as to any of the requirements of Loc. R. 21(B)."
(May 14, 1998), Cuyahoga App. No. 72709, 1998 Ohio App. LEXIS 2171, at *5-6.
 {¶ 16} Citing the Villa court's holding that Domestic Relations Local Rule 21 cannot require the parties' relative incomes to be considered under that rule, Christopher argued that the trial court's discussion had relied on overruled law. D.Loc.R. 21 is not, however, dispositive of the issue of attorney fees, nor is the limited overruling of Kassouf. The parties' income may be considered under R.C. 3105.73(B). Because it is not error to consider the parties' incomes, this court cannot reverse a decision to deny Christopher's motion for attorney fees on the mere reference to Kassouf.
 {¶ 17} As discussed in the first assignment of error, because we do not have findings of fact and conclusions of law, we cannot assume that the trial court relied solely on the case it cited in its brief journal entry. Kassouf, moreover, was not overruled in its entirety. In Villa,
the Ohio Supreme Court said Kassouf was overruled "to the extent that it conflicts with" the decision in Villa. The Villa Court added thatKassouf was "distinguishable because there was no evidence as to any of the requirements of Loc.R. 21(B)" in the Kassouf transcript. Thus the trial court in the case at bar could properly conclude that Kassouf could still be authority for other matters. Without findings of fact and conclusions of law, we cannot know what precisely the court was citing to when it viewed the case.
 {¶ 18} On the other hand, as we previously noted, the record contains sufficient evidence to support the court's ruling. Accordingly, this argument lacks merit. The trial court did not err in overruling the magistrate's recommendation that Christopher be awarded attorney fees and this assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., Concurs in judgment only; Anthony O. Calabrese, Jr., J., dissents with separate Dissenting opinion.
[1] Appellee did not file a brief.
[2] Prior to the April 2005 changes to the statutes, attorney fees were awarded in domestic relations cases pursuant to R.C. 3105.18, which included the award of attorney fees as spousal support. That version of the statute stated in pertinent part:
(H) In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that theother party has the ability to pay the attorney's fees that the courtawards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whethereither party will be prevented from fully litigating that party's rightsand adequately protecting that party's interests if it does not award reasonable attorney's fees. (Emphasis added.)
[3] In the additional case law he cites to support his argument, the courts made specific findings that the opposing party had engaged in delaying tactics to prolong the litigation. Hess v. Hess (2003),153 Ohio App.3d 337, 341; Fraiberg v. Fraiberg (Dec. 3, 1998), Cuyahoga App. No. 73321, 1998 Ohio App. LEXIS 5782, at *19. Christopher never alleged Deborah was purposely delaying any action.
 DISSENTING OPINION