JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Corsaro Associates Co., L.P.A., appeals the trial court's adoption of the magistrate's decision with regard to its claim for fees. After a thorough review of the record, for the reasons set forth below, we affirm.
 {¶ 2} This appeal is taken from the decision of the Rocky River Municipal Court, which adopted the magistrate's findings of fact and conclusions of law over a dispute as to attorney's fees. On September 8, 2005, appellant filed a complaint against appellee, James R. Recupero, for breach of contract for the non-payment of attorney's fees in the amount of $12,179.99. The matter was set for trial before the magistrate on April 26, 2006. On May 10, 2006, the magistrate filed findings of fact and conclusions of law, finding in favor of appellant in the amount of $1,156.71. Appellant filed objections to the magistrate's decision on July 13, 2006, and on August 14, 2006, appellee filed his response to appellant's objections. The trial court adopted the magistrate's decision in its entirety on October 27, 2006. On November 27, 2006, appellant filed its notice of appeal.
 {¶ 3} The attorney-client relationship between appellant as the attorney and appellee as the client began on May 5, 2003. This agreement encompassed legal services that appellant would provide for appellee on personal tax matters. Specifically, appellant was handling appellee's tax matters for the years 1997, 1998, 1999, 2000, 2001, and 2002. Due to appellee's concern about his personal finances, appellant agreed to provide its legal services at a capped fee, not to *Page 4 
exceed $15,000. Appellee paid appellant a $5,000 retainer upon execution of the agreement.
 {¶ 4} In May 2003, appellant opened a billing file entitled "Matter 101." From May 2003 until August 2004, appellant provided legal services to appellee. Despite receiving monthly billing statements, appellee did not make additional payments to appellant until August 2003, when he paid $2,987.
 {¶ 5} On October 20, 2003, appellant sent appellee a memorandum summarizing the account statement and acknowledging that the $15,000 cap had been reached. The memo also proposed a scheduled payment plan of $1,500 to be paid monthly and stated that no further work would be done until payment had been made.
 {¶ 6} Appellee did not agree to the proposed payment plan. In response, he sent appellant a letter restating his understanding that his fees would be capped at $15,000. As of December 2003, appellee had paid appellant a total of $9,487. On December 26, 2003, appellant sent appellee a statement that reflected a balance of $9,702.78 for work done on Matter 101 under the theory that the cap of $15,000 was dissolved when appellee failed to make payments under appellant's proposed payment plan.
 {¶ 7} In January 2004, appellant opened a billing file entitled "Matter 102," for items related to the appeal of IRS tax liens against appellee for the years 1999, 2000, 2001, and 2002. Appellant stated that under Matter 102, it billed appellee *Page 5 
$1,832; however, appellee stated that he had never seen this bill. Further, appellee stated that any work done under Matter 102 fell within the scope of Matter 101 because it was tax related; therefore, it was subject to the original cap in fees.
 {¶ 8} In March 2004, appellant opened a third billing file entitled "Matter 100-General Legal" for items appellant claims fell outside the scope of Matters 101 and 102. Appellant billed appellee $5,214 for work on tax matters, consultations related to the termination of his partnership, possible legal action against Hausser Taylor, LLP, and possible bankruptcy work. Appellee agreed to pay only the amount regarding termination of his partnership and the Hausser Taylor matter. Appellee contends that he did not engage appellant to work on any bankruptcy matter, and the tax matters fell within the scope of Matter 101 and were subject to the cap on fees.
 {¶ 9} Finally, appellant opened a new billing file entitled "Matter 103-Tax Preparation," for items related to the filing of appellee's 2003 tax returns. Appellant billed appellee $643.71 for this work. Appellee has not paid this bill, but he does not contest its validity.
 {¶ 10} The magistrate found that the cap of $15,000 in legal fees extended to all work billed under Matters 101 and 102. The magistrate found that appellee did not agree to the payment schedule proposed by appellant in October 2003, and, either way, this payment plan did not dissolve the agreed-upon cap. The magistrate further found that not all of the fees billed under Matter 100 were valid, and that *Page 6 
appellee was obligated to pay only for the work done on matters involving termination of his partnership and the Hausser Taylor, LLP matters. In addition, the magistrate found that the other tax work listed under Matter 100 should have been billed under Matter 101 and subject to the cap. The magistrate found that the bill for Matter 100 should be reduced to $1,000. Matter 103 was not disputed.
 {¶ 11} The magistrate found in favor of appellant in the total amount of $16,643.71, including $15,000 for all tax matters under Matters 101 and 102, $643.71 for the 2003 tax matters under Matter 103, and $1,000 for work related to the termination of appellee's partnership under Matter 100. The magistrate further found that appellee had already paid $15,487 to appellant, and that the balance due and owing to appellant is $1,156.71, together with an interest rate of six percent per annum.
 {¶ 12} Appellant filed objections to the magistrate's decision. The trial court reviewed the decision and adopted its findings of fact and conclusions of law in its entirety.
 {¶ 13} Appellant cites one assignment of error for our review:
 {¶ 14} "I. The trial court erred in affirming and adopting the magistrate's findings of fact and conclusions of law and awarding appellant a judgment in the amount of only $1,156.71 as the magistrate's decision was not supported by the evidence." *Page 7 
 {¶ 15} Appellant argues that the substantial reduction in fees awarded by the court was error because the evidence did not support this computation. Specifically, appellant argues that the contracts between itself and appellee contemplated the fees it charged, and it is entitled to full recovery of its fees.
 {¶ 16} This court reviews the adoption of a magistrate's decision under an abuse of discretion standard. Marchel v. Marchel,160 Ohio App.3d 240, 2005-Ohio-1499. When reviewing a trial court's adoption of a referee's report, the proper inquiry is whether the trial court abused its discretion in ruling on objections to the magistrate's decision.Proctor v. Proctor (1988), 48 Ohio App.3d 55, 60, 548 N.E.2d 287. An appellate court may reverse such a determination only when it appears that the trial court's actions were arbitrary or unreasonable. Id. When applying the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301. Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision. Perrine v. Perrine (Nov. 20, 1996), Summit App. No. 17736.
 {¶ 17} The pivotal issue here rests on the trial court's ruling that the $15,000 cap in fees was unaffected by appellant's proposed payment plan. The parties do not dispute that they entered into a valid and binding contract in which appellee engaged the services of appellant on certain tax matters. The law is well settled that in order to constitute a valid contract, there must be a meeting of the minds of the *Page 8 
parties, which is achieved by an offer and acceptance of the contract's provisions. Salkin v. Case Western Reserve University, Cuyahoga App. No. 88041, 2007-Ohio-1139.
 {¶ 18} The agreement was entered into in May 2003, wherein both parties agreed that $15,000 represented the cap on legal fees for representation on tax matters, identified as Matter 101 by appellant. No mention was made at that time about a schedule for payments or additional files being opened by appellant.
 {¶ 19} On October 20, 2003, appellant sent appellee a memorandum notifying him that his invoice for services had nearly reached the cap amount. Contained within this memorandum, appellee was offered a payment plan of $1,500 per month until the amount due was paid. The memorandum stated that appellant would not perform any further legal work for appellee until payments were made, but no mention was made that the cap on fees was in any way dependent on appellee agreeing to pay under the proposed schedule. Appellee responded by acknowledging the $15,000 cap, but requesting a new proposal for a payment schedule. He did not agree to the $1,500 per month schedule proposed by appellant in its October 20, 2003 notice.
 {¶ 20} We agree with the trial court that the original agreement between appellant and appellee was not modified by appellant's October 20, 2003 proposed payment schedule. While the original agreement set forth a cap on legal fees, it did not address a payment schedule. Both parties did not agree to a modification to the *Page 9 
initial agreement. Nagle Heating Air Conditioning Co. v. Heskett
(1990), 66 Ohio App. 3d 547 (the court held that a contract cannot be unilaterally modified without the mutual consent of the parties to the modification). Furthermore, the record does not indicate appellee's acceptance of the payment schedule; in fact, it reflects appellee's request for a new payment schedule. The trial court did not abuse its discretion in finding that the cap remained intact at $15,000 throughout the legal representation on Matter 101.
 {¶ 21} Next we address the court's finding that the legal work done under appellant's Matter 102 file (Collection Due Process Hearing) was an extension of the legal work it did under Matter 101 and was therefore subject to the $15,000 cap. Initially we note that appellant specifically stated in its October 20, 2003 memorandum that it would not perform any further legal work until payments were received. This memorandum did not mention that appellant would open new matters under which to bill appellee; however, Matter 102 dealt with the appeal of IRS tax liens for the same years as those handled under Matter 101 (1999, 2000, 2001, and 2002). Those services were performed because they related to the appellee's tax issues. Simply because appellant did not accurately estimate how much time would be necessary on this matter when it agreed to cap its fees does not create error by the court. We do not find that the court abused its discretion by including the work completed under Matter 102 as an extension of Matter 101, thereby subjecting it to the original cap on fees. *Page 10 
 {¶ 22} As to Matter 100, the court found that appellant was entitled to $1,000 in fees as opposed to the $5,214 that it billed appellee. Specifically, the court stated, "[T]he magistrate found that some of the charges in this matter were valid." This finding was based on the magistrate's finding at paragraph 24: "In March 2004, Corsaro opened a third billing file entitled Matter 100-General Legal. Corsaro billed Recupero for work related to the tax matters set forth in the Addendum, for consultations related to termination of Recupero's former law partnership, for consultation related to possible legal action against Hausser Taylor, LLP, for errors in preparing Recupero's tax returns, and for initial consultation to discuss whether Corsaro would represent Recupero in a bankruptcy filing. Recupero decided not to retain Corsaro on the bankruptcy matter."
 {¶ 23} The trial court did not abuse its discretion by adopting the magistrate's decision as to Matter 100. The magistrate clearly found that some of the work billed under Matter 100 was actually tax related and should have been billed under Matter 101 and was therefore subject to the cap. Some of the work under Matter 100 was for bankruptcy, which appellee chose not to pursue with appellant. And finally, some of the work was related to the termination of appellee's former partnership, for which the magistrate found $1,000 was a reasonable fee. This court does not find that the court abused its discretion in reducing the total amount appellant was entitled to under Matter 100. *Page 11 
 {¶ 24} Finally, appellee does not dispute the amount owed to appellant under Matter 103. Therefore, this court does not address that portion of the total judgment.
 {¶ 25} This court holds that the trial court did not abuse its discretion in adopting the magistrate's decision. Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
 CHRISTINE T. McMONAGLE, J., and MELODY J. STEWART, J., CONCUR. *Page 1