JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Denise A. Christescu (appellant), appeals from the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which granted plaintiff-appellee's, Michael J. Christescu, Sr. (appellee), motion to modify spousal support, awarding a downward deviation of his obligation. In addition, appellant appeals the trial court's modification of the magistrate's decision granting her motions for attorney fees, but reducing the amount awarded by the magistrate. For the foregoing reasons, we affirm.
 {¶ 2} The parties, after twenty-five years of marriage, were divorced by judgment entry journalized on October 2, 2001. An in-court agreement entered between the parties on August 21, 2001, was incorporated into the judgment entry of divorce.
 {¶ 3} The divorce decree provided that from September 1, 2001 through May 31, 2002, appellee was to pay appellant spousal support in the amount of $3,672 per month, and $4,080 per month from June 1, 2002 through August 31, 2009, with both figures including the two percent processing fee. The decree also incorporated the parties express agreement that the court would retain jurisdiction to modify spousal support upon appellee's involuntary termination of employment or his filing for bankruptcy.
 {¶ 4} On May 6, 2002, appellee filed a motion to modify spousal support. Appellant filed a motion to show cause and a motion for attorney fees on October 2, *Page 4 
2002, and another motion to show cause and two motions for attorney fees on February 23, 2004.
 {¶ 5} The court held hearings on the post-decree motions on June 19, 2003, June 23, 2004, June 7 and 8, 2005, and November 9, 2005. Written final arguments were filed with the trial court. The magistrate's decision was filed December 27, 2006. Appellee filed his objections to the magistrate's decision on May 25, 2007. Appellant filed her brief in opposition to the objections on June 1, 2007. On July 25, 2007, the trial court issued its final judgment entry, sustaining appellee's objections to the magistrate's decision with regard to spousal support and attorney fees.
 {¶ 6} Appellee testified that he was terminated without cause from his employment effective October 9, 2001, but continued to receive severance pay until the time of the filing of his motion to modify spousal support on May 6, 2002. Appellee testified that he found out about the actual employment termination date on September 10, 2001, after the negotiation and completion of the in-court agreement entered between the parties on August 21, 2001. A letter from his employer, Display Technologies, dated September 17, 2001, admitted into evidence as appellee's exhibit A, confirmed that his termination of employment was effective October 9, 2001, with six months of severance pay equal to six months of his base salary. Appellee also testified that he was to receive one month's salary for transition work through October 9, 2001, and thereafter, six months of severance pay based on a *Page 5 
yearly salary of $165,000. He further testified that he worked sixty extra days, and then the severance pay commenced in November of 2001. (Tr. 28.)
 {¶ 7} Appellee contends that the evidence he submitted at the hearing regarding his income for the years 2001, 2003, and 2004, were his federal income tax returns for those years, and his W-2 forms for the year 2002, which was sufficient to demonstrate a decrease in income in the years 2002, 2003 and 2004. He also testified regarding his receipt of multiple unemployment benefits during the year 2002.
 {¶ 8} Appellee began working for Fasteners for Retail on July 8, 2002, at a base salary of $65,000. He testified that following his involuntary termination from Display Technologies on October 9, 2001, his 2002 income from employment, including severance pay from Display Technologies, was 50 percent less than his 2001 income. After taking into consideration the unemployment compensation payments received, the trial court found that his percentage reduction in income from 2001 to 2002 was 44 percent.
 {¶ 9} Appellant argued that the evidence at trial revealed that there was no change in circumstances, despite appellee's contention to the contrary. She specifically argued that since the severance agreement was in existence prior to the journalization of the parties' divorce decree on October 2, 2001, there was in fact no change of circumstances from the effective date of the divorce decree. In fact, she argued that appellee's own exhibit B, a letter dated May 31, 2001, demonstrated that *Page 6 
her ex-husband received notification from Display Technologies of the existence of a severance agreement sometime in the future without indicating the exact date of termination. She argues that he knew of a severance agreement upon receipt of the May 31, 2001 letter, but at the very least, he knew it had become a reality in September of 2001, after the in-court agreement on August 21, 2001, yet before the effective date of the divorce decree incorporating their agreement, to wit: the journalization date of October 2, 2001.
 {¶ 10} Appellant emphasized that appellee's testimony demonstrated the existence of the severance agreement was disclosed by her ex-husband to his former trial counsel, his family, and friends, but not to her, her attorneys, or the court.
 {¶ 11} Written final arguments were filed with the trial court. The magistrate issued a decision on December 27, 2006, in which he found that there was no change of circumstances warranting a modification of the spousal support agreement. He recommended that the spousal support obligation remain the same, as he determined that appellee failed to meet his burden of proof. This finding was based on his determination that appellee was a "less than credible witness," and that appellee failed to support his testimony with documentation, specifically, copies of his 2001 and 2002 federal income tax returns. (Appellee did in fact introduce the 2001 income tax return as exhibit U. He stated that the 2002 federal income tax return was in the possession of his formal counsel, and he introduced his W-2 forms *Page 7 
demonstrating his income for that particular year.) The magistrate also recommended that attorney fees be awarded to appellant in the amount of $14,070.
 {¶ 12} Appellee filed his objections to the magistrate's decision on May 25, 2007. Appellant filed her brief in opposition to the objections on June 1, 2007. After review of the objections of appellant and the response to same by appellee, the trial court issued its final judgment entry on July 25, 2007, affirming the magistrate's decision in part but sustaining appellee's objections, finding a change in circumstances in appellee's income level. The trial court, in granting the motion to modify spousal support, reduced the obligation.
 {¶ 13} The trial court found that the evidence submitted by appellee, including W-2 forms in place of his missing 2002 federal income tax return, was sufficient to demonstrate a decrease in income for the year 2002. The trial court also determined that appellee's tax returns for the years 2003, 2004, and 2005 demonstrated a decrease in income for those years. The trial court found that under the divorce decree appellee's spousal obligation was equal to 30.9 percent of the difference in the parties' income at the time of the divorce. The trial court then applied that percentage to the difference between the appellee's and appellant's incomes for the years 2002, 2003, 2004, and 2005, reducing the amount that appellee owed appellant for those years. *Page 8 
 {¶ 14} As a result of granting a reduction for those years, the trial court found that appellee had overpaid spousal support in the amount of $2,596.60 as of October 31, 2005. The trial court found that appellee was in contempt for failure to pay a Sears bill that was a subject of the original divorce decree. The trial court determined that appellee should pay a reasonable amount of attorney fees for the time spent on the contempt issues with regard to that bill but in the amount of $2,600, a much reduced figure from that included in the magistrate's decision. The court then applied the overpayment on the spousal support to appellee's obligation toward appellant's attorney fees.
 {¶ 15} It is from the trial court's final judgment entry reducing her spousal support and the amount of her awarded attorney fees, which appellant now appeals, assigning five errors for review.
 {¶ 16} We will address the first, third, and fourth assignments of error jointly to facilitate review, as they deal with the same evidence and issue of law. They deal with the trial court's order granting the modification of the spousal support order and the calculation utilized by the trial court in doing so.
 {¶ 17} ASSIGNMENT OF ERROR ONE
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING THE APPELLEE'S MOTION TO MODIFY SPOUSAL SUPPORT."
 {¶ 18} ASSIGNMENT OF ERROR THREE
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY UTILIZING A MATHEMATICAL FORMULA TO DETERMINE THE *Page 9 APPELLEE'S SPOUSAL SUPPORT OBLIGATION; AND BY FAILING TO CONSIDER AND SET FORTH ALL FACTS IN O.R.C. 3105.18 (C).
 {¶ 19} ASSIGNMENT OF ERROR FOUR
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING A DOWNWARD DEVIATION IN HIS SPOUSAL SUPPORT OBLIGATION."
 {¶ 20} Trial courts review spousal support determinations under an abuse of
 {¶ 21} discretion standard of review. Turner v. Turner (1933),90 Ohio App.3d 161, citing Buckles v. Buckles (1988), 46 Ohio App.3d 102. A trial court has broad discretion in modifying spousal support awards, and "the finding as to whether there has been a change in circumstances which, ultimately, warrants a modification or termination, will not be reversed absent an abuse of discretion." Mottice v. Mottice (1997),118 Ohio App.3d 731, 735.
 {¶ 22} An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore,5 Ohio St.3d 217.
 {¶ 23} The burden of establishing the need for a modification of spousal support rests with the party seeking the modification.Tremaine v. Tremaine (1996), 111 Ohio App.3d 703. In order to obtain a modification, the moving party must demonstrate a substantial change in circumstances that was not contemplated at the time of the original order. Id. at 706. "A change in the circumstances includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, *Page 10 
bonuses, living expenses, or medical expenses." R.C. 3105.18(F). The change of circumstances must not have been brought about by the party seeking the modification. Roach v. Roach (1989), 61 Ohio App.3d 315,319.
 {¶ 24} The trial court in the case sub judice determined that the spousal support award should be reduced because a change in circumstances had occurred, namely plaintiff-appellee's reduced income, a circumstance over which he had no control. We must now evaluate the appropriateness and reasonableness of the modification.
 {¶ 25} A trial court has broad discretion in the admission and exclusion of evidence and, in the absence of an abuse of that discretion, which results in a material prejudice to a party, an appellate court should be slow to reverse evidentiary rulings.Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66. A trial court is free to weigh conflicting testimony and make its decision accordingly. SeeBuckles at 110. A trial court will not be reversed where there is some competent, credible evidence going to all the essential elements of the case. See C.E. Morris v. Foley Constr Co. (1978), 54 Ohio St.2d 279;Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77.
 {¶ 26} In light of these principles, and upon a review of the record in the case sub judice, we cannot say that the trial court erred in its determination that the appellee proved by a preponderance of evidence that the change in circumstances *Page 11 
was not brought about by him and warranted a downward adjustment of the spousal support award.
 {¶ 27} The magistrate incorrectly stated that "Plaintiff produced no Federal Income Tax Form 1040 for the years 2000, 2001 or 2002." The year 2000 was not in issue. The trial court correctly noted that the 2001 income tax return, exhibit U, was introduced into evidence, as were the 2003 and 2004 federal income tax returns. We find that the trial court had discretion to accept the 2002 W-2 forms, along with appellee's testimony, as sufficient evidence of income for that year. It also had discretion to accept the year-to-date pay stub of October 13, 2005 to show income to date for the year 2005. There was sufficient, credible evidence showing a reduction of income.
 {¶ 28} By amending R.C. 3105.18, effective January 1, 1991, the legislature removed economic need as one of the factors for consideration in determining spousal support. Given this development, we recognized that a trial court's use of a mathematical formula in the modification of a spousal support order is not an abuse of discretion. We stated the following in Mizenko v. Mizenko, Cuyahoga App. No. 78409, 2001 Ohio App. LEXIS 2514:
 "This court can only reverse an order, modifying spousal support, if the trial court abused its discretion. Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609. * * *
 When a payor spouse's income has involuntarily decreased, it is not an abuse of discretion to reduce support by the percentage decrease in income. Kozlevchar v. Kozlevchar (May 18, 2000), Cuyahoga App. No. 76065, 2000 Ohio App. LEXIS 2094. *Page 12 
 * * *
 For an initial spousal support order, the journal entry of divorce must demonstrate that the trial court considered all the factors enumerated in R.C. 3105.18(C)(1). Kucmanic, supra. When considering a motion to modify a spousal support order, the trial court need not reexamine all the factors listed in R.C. 3105.18(C)(1). The court need only consider the factors which have actually changed since the last order. Id. The change must be one that is substantial and not contemplated at the time of the prior order."
 {¶ 29} A review of the trial court's decision, reflects the trial court's consideration of the factor which changed since the parties' divorce decree establishing the original spousal support formula. The significant factor was the change in the income of appellee, which the trial court set forth in its final journal entry as required. Appellee was involuntarily terminated from his employment with Display Technologies, and was collecting unemployment benefits after his six months of severance pay had expired. The court took note that appellee became re-employed in July of 2002, but with a different company and at a much lower rate of pay, after he was unsuccessful in obtaining new employment during his six-month severance pay period. Appellee had testified that, once employed, he had a *Page 13 
significantly lower income because of the downturn in his industry since September 11, 2001.
 {¶ 30} The trial court specifically determined as follows:
 "Plaintiff did receive notice of termination of his employment after the divorce agreement was signed, but two weeks before the final judgment entry was processed. However, Plaintiff continued to receive his full pay under a six month severance agreement with his employer. He testified he was hoping to use the six month severance period to obtain new employment. The Court finds no evidence that Plaintiff contemplated a significant decrease in income at the time of the divorce."
 {¶ 31} After considering the change in circumstances since the parties' divorce decree was journalized, to wit, what it found to be appellee's involuntary decrease in income, the trial court found that it was equitable to reduce the amount of monthly spousal support. After a review of the record, and mindful that a trial court is free to weigh conflicting testimony and make its decision based on those determinations, we find that the trial court's decision was not unreasonable, arbitrary, or unconscionable, or contrary to law. Accordingly, appellant's first, third, and fourth assignments of error are overruled.
 {¶ 32} ASSIGNMENT OF ERROR TWO
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY MODIFYING THE MAGISTRATE'S DECISION AS THE MAGISTRATE'S DECISION WAS SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE AND THE MAGISTRATE PRESIDED OVER THE TRIAL OF THE MATTER."
 {¶ 33} This assignment of error is summarily overruled, as it is the trial court's determinations based on the evidence and law and not the magistrate's *Page 14 
determinations and recommendations to the trial court which are the appropriate matters for appellate review. We recently stated as follows:
 "This court reviews the adoption of a magistrate's decision under an abuse of discretion standard. When reviewing a trial court's adoption of a referee's report, the proper inquiry is whether the trial court abused its discretion in ruling on objections to the magistrate's decision. An appellate court may reverse such a determination only when it appears that the trial court's actions were arbitrary or unreasonable. When applying the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court. Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Corsaro Assoc. Co., L.P.A. v. Recupero, Cuyahoga App. No. 89151, 2007-Ohio-6486, at ¶ 16. (Internal citations omitted.)
 {¶ 34} ASSIGNMENT OF ERROR FIVE
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO AWARD THE APPELLANT'S ATTORNEYS FEES AND LITIGATION EXPENSES."
 {¶ 35} We review a trial court's decision regarding attorney fees for an abuse of discretion. As we stated in Packard v. Mayer-Packard, Cuyahoga App. No. 85189, 2005-Ohio-4392: *Page 15 
 "The decision to award attorney fees is discretionary. `This trial court's discretion will not be overruled absent an attitude that is unreasonable, arbitrary or unconscionable.'" Packard at ¶ 3, quoting Rand v. Rand (1985), 18 Ohio St.3d 356, 359.
 {¶ 36} Before the last hearing on the post-decree motions in question was concluded, and prior to the trial court's final journal entry herein, the controlling statute on the subject of attorney's fees, R.C. 3105.18(H), had been repealed. The controlling statute, R.C. 3105.73, cited by the trial court in its final entry herein, became effective on April 27, 2005. As noted in the Packard decision "the legislature intended the new statute to apply retroactively[.]" Id. at ¶ 6.
 {¶ 37} R.C. 3105.73(B) provides as follows:
 "In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."
 {¶ 38} The trial court indicated in its final entry that only a limited time was spent on the contempt issues, specifically, the issues relating to the nonpayment of the Sears bill. The court found that a great majority of the time spent in the matter *Page 16 
related to the motion to modify spousal support, which motion was granted, and for which fees should not be awarded.
 {¶ 39} We find that the record demonstrates some credible evidence to support the trial court's ruling in making a reduction in the amount of fees awarded. As the evidence does not show an abuse of discretion by the trial court in deciding that equity required a reduction in the award of attorneys fees to appellant which the magistrate had recommended, we overrule this assignment of error as unfounded.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1