[Cite as *In re T.S.*, 2011-Ohio-6756.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96657**

## IN RE: T.S.
## A Minor Child

[Appeal By S.K., Father]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR-97773523

**BEFORE:** Celebrezze, J., Blackmon, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** December 29, 2011

**ATTORNEYS FOR APPELLANT**

Kevin J. M. Senich
Michael B. Telep
4438 Pearl Road
Cleveland, Ohio   44109


**ATTORNEY FOR APPELLEE**

Dominic M. Antonelli
Reith, Antonelli & Raj
1406 West Sixth Street
Suite 200
Cleveland, Ohio   44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}  Appellant, S.K.,[1] appeals the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, which adopted the magistrate's decision to modify appellant's child support order and award attorney fees to appellee, Tina S. ("mother"). After a careful review of the record and relevant case law, we affirm.

{¶ 2}  This matter arose from a case for establishment of paternity regarding the minor child, T.S., filed by mother on October 1, 1997.  Final disposition of the paternity

---

[1]  The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.

action was rendered on July 26, 2000. S.K. was adjudicated the father of T.S., and a support order and a visitation order were entered.

{¶ 3} On September 28, 2000, S.K. filed a motion to modify support. Commencing September 28, 2000, pursuant to a magistrate's decision dated September 5, 2002, S.K.'s child support obligation was reduced to $300 per month. In early 2002, mother filed a series of motions to modify visitation and support and a show cause motion prompted by S.K.'s failure to pay support. These motions were resolved by agreement or were dismissed by the parties. On May 21, 2003, mother again moved to modify support and visitation and filed motions to show cause and for attorney fees. At the time of the motions, S.K. was in arrears on his child support obligation.

{¶ 4} On February 25, 2009, a hearing was conducted on mother's support and show cause motions. After the contentious hearing, the magistrate issued a decision that found S.K., a certified public accountant ("CPA"), to be "voluntarily underemployed" and imputed income to S.K. based on the median wage for CPAs in S.K.'s geographical area for the years 2003 through 2008, as published by the U.S. Department of Labor, Bureau of Labor Statistics.

{¶ 5} On the basis of the imputed income to S.K., the magistrate found that there was a change in circumstances sufficient to warrant a modification of support and increased S.K.'s monthly support obligation from $300 per month to $684.89 per month for the years 2003 through 2008. The magistrate also awarded mother attorney fees in the amount of $4,594.

**{¶ 6}** S.K. filed objections to the magistrate's decision, which were overruled by the trial court on March 23, 2011. S.K. then timely appealed, assigning two errors.

## Law and Analysis

### I. Imputing Income

**{¶ 7}** S.K. first argues that "[t]he trial court erred in imputing income to [him] pursuant to R.C. 3119.01." He alleges that the trial court ignored certain statutory factors that must be considered before imputing income or finding that he was voluntarily underemployed.

**{¶ 8}** The law is well settled that the issue of whether income is imputed to a parent for purposes of calculating child support pursuant to R.C. 3119.01 is committed to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218. An abuse of discretion implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶ 9}** Pursuant to R.C. 3119.01, when computing child support orders, the court must complete a worksheet, taking into consideration guidelines or factors designed to help determine each parent's total income. In establishing a parent's income for the purposes of calculating child support, the trial court will look not only to the gross income of a parent, but also to any potential income an unemployed or underemployed parent should earn.

{¶ 10} R.C. 3119.01(C)(5)(b) states that total income for "a parent who is unemployed or underemployed, [is] the sum of the gross income of the parent and any potential income of the parent." Subsection (11)(a) lists various criteria that may be used to impute potential income to a parent who is voluntarily underemployed. These criteria include consideration of: (i) the parent's prior employment experience; (ii) the parent's education; (iii) the parent's physical and mental disabilities, if any; (iv) the availability of employment in the geographic area in which the parent resides; (v) the prevailing wage and salary levels in the geographic area in which the parent resides; (vi) the parent's special skills and training; (vii) whether there is evidence that the parent has the ability to earn the imputed income; (viii) the age and special needs of the child for whom support is being calculated; (ix) the parent's increased earning capacity because of experience; and (x) any other relevant factor. R.C. 3119.01(C) (11)(a)(i)-(x).

{¶ 11} Thus, in order to find "potential income" pursuant to R.C. 3119.01(C) (11)(a), the trial court must make a two-fold determination. Initially, the trial court is required to determine whether a parent is voluntarily unemployed or voluntarily underemployed. If the trial court finds that a parent is voluntarily unemployed or voluntarily underemployed, the trial court is then required to determine what that parent would have earned based on the criteria outlined in R.C. 3119.01(C)(11)(a)(i)-(x). *Williams v. Williams*, 12th Dist. No. CA2006-09-103, 2007-Ohio-2996.

{¶ 12} In the instant matter, the magistrate's decision provides in relevant part:

"The Magistrate further finds that [S.K.] is underemployed for all relevant years: 2003, 2004, 2005, 2006, 2007, and 2008. * * * The

Magistrate further finds pursuant to Revised Code sections 3119.01(C)(11)(a)(i), 3119.01(C) (11)(a)(ii), (v), (vi), and (ix), Obligor has a reasonable amount of income imputed to him due to his voluntary underemployment based on U.S. Department of Labor Bureau of Labor Statistics for each year from 2003 through 2008 inclusive."

{¶ 13} S.K. contends that when imputing income to him in this matter, the trial court abused its discretion by failing to consider each and every factor outlined in R.C. 3119.01(C)(11). Specifically, S.K. argues that the trial court erred in failing to consider the availability of jobs as a CPA in his geographical area. R.C. 3119.01(C)(11)(a)(iv). For support, appellant relies on *Badovick v. Badovick* (1998), 128 Ohio App.3d 18, 713 N.E.2d 1066. However, in the subsequent decision of *Raush v. Raush*, 8th Dist. Nos. 87000 and 87147, 2006-Ohio-3847, this court held that there was no abuse of discretion in failing to consider all statutory factors. The court reasoned that it was not bound by *Badovick* since that decision was decided before the enactment of R.C. 3119.01. Id. at ¶ 27. See also *Rice v. Rice*, 11th Dist. Nos. 2006-G-2716 and 2006-G-2717, 2007-Ohio-2056, at ¶54-55.

{¶ 14} Moreover, we find appellant's argument to be contrary to the record presented to this court. After careful review of the record, we find that the trial court did, in fact, consider each of the R.C. 3119.01(C)(11)(a) factors when it imputed income to S.K. Although the magistrate elaborated in its decision that the factors outlined in R.C. 3119.01(C) (11)(a)(i), (ii), (v), (vi), and (ix) weighed heavily in favor of imputing income to S.K., the magistrate's decision and the judgment entry each use language indicating that the trial court considered each and every factor independently, including R.C.

3119.01(C)(11)(a)(iv), when rendering its judgment.[2]  The fact that the lower court did not include a specific and thorough analysis of each R.C. 3119.01(C)(11)(a) factor in its judgment does not compel this court to conclude that a particular factor was not considered at all.   See *Justice v. Justice*, 12th Dist. No. CA2006-11-134, 2007-Ohio-5186 (the trial court is not required to hear evidence on each factor or discuss each factor in its analysis); *Rice*, supra, fn.3, ¶55.

{¶ 15} Appellant's first assignment of error is overruled.

## II.  Attorney Fees

{¶ 16} S.K. also argues that "[t]he trial court erred in awarding attorney fees to [mother] in the amount of $4,594.00."

{¶ 17} A trial court's award of attorney fees is reviewed for an abuse of discretion. *Christescu v. Christescu*, 8th Dist. No. 90304, 2008-Ohio-3540.  The decision to award attorney fees is discretionary and will not be overruled absent an attitude that is unreasonable, arbitrary, or unconscionable.  Id., citing *Packard v. Packard*, 8th Dist. No. 85189, 2005-Ohio-4392, at ¶ 3, quoting *Rand v. Rand* (1985), 18 Ohio St.3d 356, 359, 481 N.E.2d 609.  Trial courts have discretion to award reasonable attorney fees against a party found guilty of civil contempt, even in the absence of a statute specifically authorizing the award.   *Peach v. Peach*, 8th Dist. Nos. 82414 and 82500, 2003-Ohio-5645; *Chojnowski v. Chojnowski*, 8th Dist. No. 81379, 2003-Ohio-298, citing

---

[2]The trial court's judgment entry and the magistrate's decision reference each factor, specifically stating, "The court finds that for the year * * * the Obligor has income as follows: * * * plus imputed additional income, pursuant to R.C. 3119.01(C)(11)(a)(i) to (x), as an accountant * * *[.]"

*State ex rel. Fraternal Order of Police v. Dayton* (1977), 49 Ohio St.2d 219, 230-231, 361 N.E.2d 428.

{¶ 18} Dominic M. Antonelli, attorney for mother, testified and submitted a fee bill for the pending motions in the amount of $12,361 plus $3,750 for trial preparation and approximately $1,000 per day for each day spent in court for trial. The attorneys for both mother and S.K. stipulated to the fact that $1,500 of said fees were attributable to the custody aspect of the case and that, therefore, the fees should be reduced by said amount. Antonelli attributed approximately one-half of the fees to the motion to modify support. He also sought attorney fees on the motion to show cause, a motion that had already been granted, and a motion to compel. On the first day of trial, S.K., through his counsel, stipulated to a finding of contempt as it relates to S.K.'s nonpayment of support, specifically, for failure to pay the full child support order every month as ordered by the court.

{¶ 19} The trial court awarded attorney fees to mother in the amount of $4,594 finding that said award was a "reasonable value of counsel's services attributable to the time spent on pursuing a motion to show cause and motion to compel against S.K." Given the extensive litigation history in this matter, the ongoing motions filed on behalf of mother in preparation for trial, and S.K.'s stipulation to a finding of contempt, we are unable to conclude that the trial court abused its discretion in awarding attorney fees in the amount of $4,594.

{¶ 20} Appellant's second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA A. BLACKMON, P.J., and
KENNETH A. ROCCO, J., CONCUR