[Cite as *Wagar Plaza Condominium Owners Assn., Inc. v. Iaffaldano*, 2012-Ohio-801.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96427

---

## WAGAR PLAZA CONDOMINIUM OWNERS ASSOCIATION, INC.

PLAINTIFF-APPELLEE

vs.

## IOANNELLA IAFFALDANO, ET AL.

DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-715511

**BEFORE:** Blackmon, A.J., Sweeney, J., and Cooney, J.

**RELEASED AND JOURNALIZED:** March 1, 2012

**ATTORNEY FOR APPELLANTS**

Michael L. Wolpert
12200 Fairhill Road, B211
Cleveland, Ohio 44120

**ATTORNEY FOR APPELLEE**

Cullen J. Cottle
Kaman & Cusimano
50 Public Square, Suite 2000
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellants Ioannella B. Iaffaldano and Marla N. Diop ("Owners") appeal the trial court's decision granting summary judgment in favor of Wagar Plaza Condominium Owners Association, Inc. ("the Association"), issuing a permanent injunction against them, and ordering them to pay the Association's attorney fees. Owners assign the following errors for our review:

**I. Inadequate recognition of material facts.**

**II. Inadequate opportunity to address and resolve the issues.**

{¶2} Having reviewed the record and pertinent facts, we affirm the trial court's decision. The apposite facts follow.

{¶3} The Association is a nonprofit entity that operates 16 condominium units at the Wagar Plaza Condominium located at 20006 Detroit Road in Rocky River, Ohio. Iaffaldano is the title owner of Units 11 and 12 in the Wagar Plaza complex. Iaffaldano's daughter, Marla Diop, co-owns Unit 12, but does not reside at Wagar Plaza. Iaffaldano, who resides alone in Unit 12, leases Unit 11 to three other individuals.

{¶4} On January 14, 2010, the Association filed a complaint for preliminary and permanent injunction against Owners. The Association sought an injunction requiring Owners to remove all unauthorized items from the common elements and limited common elements of the property; specifically hanging plants, patio extension, plastic fence, plants and vegetables, lighting, bird bath, and lawn ornament.

**{¶5}** The complaint also sought to enjoin Owners from permitting boarders or transient renters. In addition, the Association sought to enjoin Owners from continued violation of the parking restrictions and from operating a business out of the units. Further, the Association sought to enjoin Owners from creating a nuisance on the premises. Finally, the complaint sought attorney fees and the reimbursement of costs incurred in connection with the action.

**{¶6}** Initially, on March 2, 2010, Iaffaldano answered the complaint on behalf of herself and Diop, and maintained that she was not in violation of the Association's bylaws, or had since rectified any issues in which she had not been in compliance. On March 30, 2010, Diop filed a Clarification of Answer pointing out that she did not own Unit 11 and did not have any control over any items in Unit 12.

**{¶7}** On September 20, 2010, Owners filed a motion for summary judgment, which the Association opposed, and subsequently filed their own motion for summary judgment. On December 9, 2010, the trial court granted the Association's motion for summary judgment and denied Owners' motion for summary judgment.

**{¶8}** Subsequently, on January 11, 2011, the trial court convened a hearing on the Association's claim for attorney fees. Owners failed to appear for the hearing. After the hearing, the trial court awarded the Association $11,347 in attorney fees.

## Summary Judgment

{¶9} We will simultaneously address Owners' assigned errors because both concern whether the trial court erred when it granted summary judgment in favor of the Association.

{¶10} We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist. 2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist. 1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶11} Under Civ.R. 56, summary judgment is appropriate when, (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) when viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶12} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id*. at 293.

{¶13} This first portion of the Association's complaint sought an injunction to compel Iaffaldano to comply with the declaration and bylaws. A trial court's decision on whether to issue injunctive relief is reviewed under an abuse of discretion standard. *Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.*, 73 Ohio St.3d 590, 653 N.E.2d 646, paragraph three of the syllabus (1995). The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶14} The party seeking a permanent injunction must demonstrate by clear and convincing evidence that they are entitled to relief under applicable statutory law, that an injunction is necessary to prevent irreparable harm, and that no adequate remedy at law exists. *Proctor & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 268, 747 N.E.2d 268 (5th Dist. 2000).

{¶15} Chapter 5311 of the Ohio Revised Code governs condominium associations. R.C. 5311.19 provides that individuals who purchase condominiums are bound by all covenants and conditions in the deed, as well as the condominium declaration and bylaws. *Grand Bay of Brecksville Condominium v. Markos*, 8th Dist. No. 73964, 1999 WL 166016 (Mar. 25, 1999). Further, the statute also authorizes an association to seek an injunction where a unit owner fails to comply with any of the rules or regulations. *Georgetown Arms Condominium Unit Owners' Assn. v. Super*, 33 Ohio App.3d 132, 133, 514 N.E.2d 899 (8th Dist. 1986).

**{¶16}** In the instant case, the Declaration of Condominium Ownership, attached to both the complaint and the Association's motion for summary judgment, contains rules governing the obstruction of the common elements, alteration of the common elements, the exterior surfaces, prohibited activities, and rental of family units.

**{¶17}** As previously stated, the Association alleged that Owners had violated its rules governing the common elements by having hanging plants, patio extension, plastic fence, plants and vegetables, lighting, a bird bath, and a lawn ornament. The Association further alleged that Owners remained noncompliant throughout the proceedings below.

**{¶18}** Our review of Iaffaldano's deposition and that of her daughter, Diop, taken on October 28, 2010, supports the Association's claims. Iaffaldano testified in pertinent part as follows:

> **Q.** **I want to talk a little bit about some of the features that are outside your unit; in particular, the deck and balconies. Can you tell me, as you sit here today, what exists on your decks and balconies as far as items, decorations, that type of thing? Let's start with unit 11.**
>
> **A.** **\* \* \* I have plastic patio chairs and little glass side tables.**
>
> **Q.** **How many chairs?**
>
> **A.** **Two chairs.**
>
> **Q.** **And how many side tables?**
>
> **A.** **Two.**
>
> **\* \* \***
>
> **Q.** **What about plants?**
>
> **A.** **I have plants along the length of the railing on the deck.**

**Q.** These are live plants?

**A.** Yes.

**Q.** * * * Now, do these plants hang over the railing of the balcony?

**A.** That's the way plants grow.

**Q.** What kind of plants are they?

**A.** They are sweet potato vines, midnight lace sweet potato vines, double impatiens, and silverdust, and velvet coleus.

**Q.** Let's talk about unit 12 for a second. I understand there are additional tiles that extend out from the cement patio, and there was, at one point, a plastic fence for your dog that was in unit 12.

**A.** * * * Okay. There's a — I put a border of stones — which, I guess you could call them tiles, they're not really stones — around the edge of the patio. I guess you could call them functional or decorative.

**Q.** How many patio tiles or stones have you placed out there?

**A.** I don't know how many. It's just around the edge.

**Q.** And how far does it extend beyond your patio?

**A.** Like 16 inches. Iaffaldano Depo. 51-54.

{¶19} A review of the above exchange in conjunction with the Declaration of Condominium Ownership, reveals that Owners were in violation of the rules governing obstruction and alteration of the common elements. Diop testified in her deposition that there were hanging plants and a patio extension. Diop Depo. 13-16. When asked if she had obtained written approval to install the patio stones or any of the other items, Iaffaldano refused to answer. Iaffaldano admitted that she had installed outdoor lighting,

but had removed it in March or April 2010. As such, we conclude Owners were in violation of the rules governing obstruction and alteration of the common elements.

**{¶20}** As it pertains to the impact of Owners' leasing of Unit 12, the record indicates that the unit was occupied by three individuals that were not members of Owners' family. According to the Association's rules, each unit is allowed two vehicles on the premises and the indoor garage is expected to be used as the primary parking area for said vehicles. The Association alleged that Owners are in violation because the tenants in Unit 12 are utilizing three parking spaces instead of two.

**{¶21}** In her deposition, Iaffaldano testified that she was currently using the indoor garage space of Units 11 and 12 for her two vehicles, while two of the tenants in Unit 12 were using the allotted outside spaces, and the third was using the outside space of Unit 16, which is nonowner-occupied. Iaffaldano testified that she had permission from the tenant in Unit 16 to use their outdoor parking space. Iaffaldano Depo. 48. However, Iaffaldano admitted that she never notified the Association that she was utilizing the outdoor parking space of Unit 16 and testified that she did not have permission from the owner of the unit.

**{¶22}** Section 1(B)(1) of the Association's rule states in pertinent part as follows:

> **If another owner has granted permission to utilize their outside parking space on a continuing basis, the Board of Managers must be notified with a description of the vehicle so it will not be inadvertently towed.**

**{¶23}** Here, by her own testimony, Iaffaldano was in violation of the rules governing parking on the premises because she did not notify the Association that the third tenant was utilizing the outdoor parking space allotted to Unit 16. We conclude there are no genuine issues of material fact regarding Owners' violation of the rules governing obstruction and alteration of the common elements, as well as the rules governing parking on the premises.

**{¶24}** Nonetheless, Owners argue the trial court failed to recognize material facts and did not afford her the opportunity to address or resolve the issues. However, in denying Owners' motion for summary judgment, the trial court stated in pertinent part as follows:

> **The Court finds that defendants have failed to attach any supporting documentation to their motion for summary judgment (Filed 09/20/2010) and to their motions to amend defendant[s'] motions for summary judgment (Filed 11/18/2010) as required under Civil Rule 56(C). Accordingly, there is no evidence before the court to consider whether there is no issue of material fact and if defendants are entitled to judgment as a matter of law.** Journal Entry 12/09/2010.

**{¶25}** Summary judgment cannot be rendered on mere allegations alone. *Snodgrass v. Mayfield Hts.*, 8th Dist. No. 90643, 2008-Ohio-5095, 2008 WL 4433897. Owners had the initial burden of setting forth specific facts to demonstrate their entitlement to summary judgment. *Dresher*, 75 Ohio St.3d 280, 662 N.E.2d 264. This they failed to do. However, as discussed above, the record supports the trial court's determination that the Association was entitled to summary judgment.

**{¶26}** Finally, a trial court's award of attorney fees is reviewed for an abuse of discretion. *Christescu v. Christescu*, 8th Dist. No. 90304, 2008-Ohio-3540, 2008 WL 2764871. The decision to award attorney fees is discretionary and will not be reversed absent an attitude that is unreasonable, arbitrary, or unconscionable. *In re T.S.*, 8th Dist. No. 96657, 2011-Ohio-6756, 2011 WL 6917620.

**{¶27}** The record indicates that on January 11, 2011, the trial convened a hearing on attorney fees. The hearing was scheduled for 2:30 p.m., but the trial court waited until 3:00 p.m. for Owners to appear. However, Owners failed to appear. The Association's attorney testified and submitted a fee bill in the amount of $11,347, and an affidavit attesting to the reasonableness of the fees. Thereafter, finding the fees reasonable, the trial court awarded $11,347 to the Association. We conclude the trial court did not abuse its discretion in awarding attorney fees. Accordingly, we overrule Owners' assigned errors.

**{¶28}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

JAMES J. SWEENEY, J., and
COLLEEN CONWAY COONEY, J., CONCUR