JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Manuel Patino appeals the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division. Finding no error in the proceedings below, we affirm.
 {¶ 2} Patino and appellee Mariana Foust were granted a dissolution on August 19, 2003. The decree of dissolution included a shared parenting plan. The plan provided that both parents shall be designated "residential parent" of the children when they are in the possession of the parent. The plan provided that the children would finish the 2004-2005 school year in the Cleveland schools, and then attend the Parma schools, the district where the mother lived, in 2005-2006. Originally, no child support was ordered.
 {¶ 3} Since December 17, 2003, Patino and Foust have been involved in continuous litigation regarding the children. On September 1, 2005, the trial court ruled the following:
 "Upon good cause shown, and pending further order of the Court, Mariana Carchipulla nka Mariana Foust, is hereby designated and named as the residential parent and legal custodian of the minor children * * * and the Plaintiff, Manuel Patino, shall have parenting time with the children in accordance with the standard visitation guidelines of the Court * * *. The plaintiff, Manuel Patino, is further ordered to fully cooperate with the defendant in the enrollment of the minor children in the Parma Schools and to further insure their proper attendance therein."
 {¶ 4} After the September 1, 2005, judgment, Patino was arrested and charged with rape, kidnapping, and domestic violence. The victim was his girlfriend. He was jailed for three months, from December 16, 2005, until March 11, 2006, because of his inability to post bond. Patino pled guilty to misdemeanor assault and was placed on probation. *Page 4 
 {¶ 5} Numerous motions were filed by both parties and the guardian ad litem ("GAL"). All were set for trial before the judge. Ultimately, Foust's motions for custody, contempt, child support, and attorney fees were granted, while Patino's motions were denied. The GAL was awarded fees to be paid by Foust and Patino.
 {¶ 6} Patino appeals, advancing six assignments of error for our review. Initially, we note that App. R. 16(A)(7) states that an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to authorities, statutes, and parts of the record on which appellant relies."
 {¶ 7} Pursuant to App. R. 12(A)(2), we will not address assignments of error one, two, and three[1] because Patino has failed to argue the assignments separately in his brief, he fails to set forth reasons to support his assertions, and he fails to cite authority in support of his assertions.
 {¶ 8} Patino's fourth assignment of error states the following:
 "IV. The trial court erred in finding the plaintiff-father's income was imputed at $28,178 based on records more than two years old and in view of the prior stipulations by the parties as to the father's income."
 {¶ 9} Under this assignment of error, Patino asserts that the court abused its *Page 5 
discretion when it found that he was employed as a carpet installer and imputed income to him.
 {¶ 10} It is well established that a trial court's decision regarding child support obligations will not be disturbed on appeal absent an abuse of discretion. Dreher v. Stevens, 3d Dist. No. 4-05-20,2006-Ohio-351, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144; see, also, Pendleton v. Pendleton, 3d Dist. No. 5-06-38, 2007-Ohio-3834, at ¶ 21 (trial court has considerable discretion in calculating child support). An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} Child support must be calculated in accordance with the provisions of R.C. 3119.02 to 3119.24, including the basic child support schedule and the applicable worksheet. R.C. 3119.02. The overriding concern of the legislation is to ensure the best interest of the child for whom support is being awarded. Marker v. Grimm (1992),65 Ohio St.3d 139.
 {¶ 12} For purposes of child support computation, R.C. 3119.01(C)(5) defines "income" in two ways: (a) For a parent who is employed to full capacity, the gross income of the parent; (b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent. The statutory definition of "gross income" is very broad and includes "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses * * *; rents; * * *." See *Page 6 
R.C. 3119.01(C)(7). R.C. 3119.01(C)(11) sets forth the definition of "potential income" for a parent who is voluntarily unemployed or underemployed as follows: "`Potential income' means both of the following for a parent who the court * * * determines is voluntarily unemployed or voluntarily underemployed: (a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the following criteria: * * * [list of employment factors to consider]; (b) Imputed income from any nonincome-producing assets of a parent, as determined from the local passbook savings rate or another appropriate rate as determined by the court or agency, not to exceed the rate of interest specified in division (A) of section 1343.03 of the Revised Code, if the income is significant."
 {¶ 13} Here, the trial court found the following:
 "Mr. Patino's recital of income, although apparently acceptable to the Internal Revenue Service, is not credible. The most reliable information of his income is his estimated income of $38,400 for Ohio Child Support Guideline purposes from his employment, and $5,400.00 from rent (expenses are not in evidence), for a total annual income of $43,800.00."
 {¶ 14} Patino testified that he was a carpet installer. He estimated his income at $38,400 per year, which did not include rents that he received. He receives $450 per month in rent. The court properly included the rent he receives as income. The trial court did not impute income but based it on Patino's own estimation. We find that the trial court did not abuse its discretion in computing Patino's child support obligations. Accordingly, Patino's fourth assignment of error is overruled.
 {¶ 15} Patino's fifth assignment of error states the following: *Page 7 
 "V. The trial court erred in finding that the mother's violation of visitation schedule, with the G.A.L.'s encouragement, was appropriate, and in holding plaintiff to a standard of clear and convincing evidence."
 {¶ 16} Patino argues that the evidence was uncontroverted that the father was denied visitation, and thus Foust should have been found in contempt.
 {¶ 17} A finding of civil contempt must be supported by clear and convincing evidence. Sagan v. Tobin, Cuyahoga App. No. 86792,2006-Ohio-2602. "Clear and convincing evidence implies that the trier of fact must have a firm conviction or belief that the facts alleged are true." Id., quoting Poss v. Morris, Ashtabula App. No. 2004-A-0093,2006-Ohio-1441. A trial court's finding of civil contempt will not be reversed on appeal absent an abuse of discretion. Tradesmen Internatl.v. Kahoe (Mar. 16, 2000), Cuyahoga App. No. 74420.
 {¶ 18} The record reflects that prior to his incarceration, Patino regularly exercised his visitation rights. When he was released from jail, Patino did not notify Foust of his intention to exercise his parenting rights. Further, he visited the children secretly without Foust's knowledge. Foust did deny visitation at some point because Patino directed his son not to attend school and because he directed his children to lie to the court and to be disrespectful to their mother. Because of Patino's actions, the trial court found that Foust proved a valid defense to Patino's motion.
 {¶ 19} We find that the trial court did not abuse its discretion when it denied Patino's motion for contempt, because Foust had a valid defense for her actions. Accordingly, his fifth assignment of error is overruled. *Page 8 
 {¶ 20} Patino's sixth assignment of error states the following:
 "VI. The trial court erred in awarding the mother and the G.A.L. attorney fees clearly beyond the father's ability to pay as a punitive measure while denying the father his reasonable attorney fees in light of the mother's clear violation of his visitation rights."
 {¶ 21} Patino argues that a majority of the motions were filed by Foust, and that the fees for the attorney and the GAL were exaggerated. He argues that he is unable to pay.
 {¶ 22} We review a trial court's decision regarding attorney fees for an abuse of discretion. See Packard v. Mayer-Packard, Cuyahoga App. No. 85189, 2005-Ohio-4392.
 {¶ 23} Pursuant to R.C. 3105.73(B), in any post-decree motion or proceeding arising out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court "may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." In addition, "[a] trial court may award attorney fees as part of the costs in a contempt action." Villa v. Villa (May 14, 1998), Cuyahoga App. No. 72709. Evidence of the parties' ability to pay, however, is not required when awarding attorney's fees incurred for bringing a contempt motion. Id.
 {¶ 24} Here, the trial court found that Foust incurred attorney fees in defense of and in pursuit of motions that were filed as a result of Patino's conduct in committing a criminal act resulting in the loss of parenting time, and Patino's deliberate manipulation of his children's feelings of love and affection for their mother, as well as his directing the children not to attend school. The trial court compared Foust's and Patino's respective incomes and found *Page 9 
that it was equitable that Patino contribute to the expense of Foust's attorney's fees because of Patino's course of conduct.
 {¶ 25} We find that the trial court did not abuse its discretion when it ordered Patino to pay Foust's attorney's fees.
 {¶ 26} Pursuant to Loc. R. 35(E) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, "[u]pon motion for guardian ad litem fees, the court shall conduct a hearing to determine if the fee sought by the guardian ad litem is reasonable and necessary and to determine the amount each party shall contribute toward the fee."
 {¶ 27} Again, the trial court found that the GAL fees were reasonable and divided the fees equally between Patino and Foust. We find that the trial court did not abuse its discretion when it ordered both parties to pay for the GAL equally. Accordingly, Foust's sixth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
ANTHONY O. CALABRESE, JR., J., and MARY EILEEN KILBANE, J., CONCUR
[1] "I. The trial court erred in finding the September 1, 2005, judgment entry to be a final order and the last prior order establishing parental rights and responsibilities."
"II. The trial court's decision was not supported by the evidence."
"III. The trial court erred in adopting ex parte statements and unsupported hearsay and incorporating them into her findings of fact as proved, and modifying the parenting plan, making the mother the primary residential parent and allowing the father visitation." *Page 1