[Cite as *Godward v. Kory*, 2011-Ohio-5265.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| MARTHA A. GODWARD,FKA | : | Hon. W. Scott Gwin, P.J. |
| MARTHA KORY | : | Hon. Julie A. Edwards, J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : |  |
|  | : |  |
| -vs- | : | Case No. 2010-CA-00350 |
|  | : |  |
| MARK KORY | : |  |
|  | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of Common Pleas,Domestic Relations Division,  Case No. 2002DR00732

JUDGMENT:     Affirmed in part; reversed in part and remanded

DATE OF JUDGMENT ENTRY:     October 11, 2011

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

STANLEY R. RUBIN                     JAMES R. RECUPERO
437 Market Avenue North             MELISSA S. ULRICH
Canton, OH 44702                      4450 Belden Village St. N.W., Ste. 403
                                          Canton, OH 44718

*Gwin, P.J.*

{¶1} Defendant-appellant Mark Kory appeals the December 10, 2010 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division which denied his Motion to Show Cause. Defendant-appellee is Martha K. Godward, fkn Kory.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant and appellee married in 1991 and were divorced by a judgment entry filed September 23, 2003. The Judgment Entry of Divorce approved and incorporated the Magistrate Decision filed with the court on June 27, 2003. Appellee was, and still is, a librarian at Kenmore High School, where she earns a pension through the State Teachers' Retirement Pension (STRS).

{¶3} The Final Decree of Divorce divided the couple's property; the division of property included, but was not limited to, the appellee's STRS retirement benefits. With regard to the STRS retirement benefits, the Final Decree stated:

{¶4} "IT IS FURTHER ORDERED that the State Teachers' Retirement Pension (STRS) shall be divided pursuant to Qualified Domestic Relations Order. Costs of the division shall be paid equally by each party. Survivorship and costs of living protection for the Defendant [Appellant Kory] shall be provided."

{¶5} Subsequent to the parties' divorce, a delay ensued concerning the preparation and filing of the Qualified Domestic Relations Order. Specifically, appellant's attorney believed that the entry prepared by appellee's former counsel contained an inaccurate number used in the numerator of the coverture fraction. Attempts by former counsel for both appellant and appellee to resolve this issue remained unresolved.

**{¶6}** Thereafter, counsel for appellant filed a motion for contempt on June 1, 2010. On November 30, 2010 the trial court conducted an evidentiary hearing on the show cause motion, during which both parties testified and evidence was submitted to the trial court. Prior to the beginning of the hearing the parties stipulated that the division of property order has been approved by both parties. Accordingly, the portion of appellant's motion seeking to find appellee in contempt for failing to cooperate in the preparation of the order was withdrawn. (T. Nov. 30, 2010 at 3-5; 43-44).

**{¶7}** By Judgment Entry filed November 30, 2010 the trial court found appellee was not in contempt of court for failing to sign the Division of Property Order, "due to a variety of factors through no fault of the [appellee] who acted in good faith to comply with court orders. The issue regarding 'survivorship costs of living protection' (see Magistrate's decision at page 16 Paragraph G)… was not proven. The alleged contemptor has not violated the court's order regarding this or any other issue.

**{¶8}** "The court does not have jurisdiction to "redo" the degree [sic.] to [sic.] what a part(ies) want it to actually say, the appeal time having long since passed regarding this 2002 case…."

**{¶9}** It is from the trial court's December 1, 2010 Judgment Entry that appellant has timely appealed raising the following two Assignments of Error:

**{¶10}** "I. THE TRIAL COURT ERRED WHEN IT REFUSED TO ADDRESS THE ISSUES RAISED IN APPELLANT'S MOTION FOR CONTEMPT.

**{¶11}** "II. THE TRIAL COURT ERRED WHEN IT HELD THAT APPELLEE WAS NOT IN CONTEMPT OF COURT FOR FAILING TO COMPLY WITH THE PARTIES' FINAL DECREE OF DIVORCE."

## I. & II.

{¶12} Appellant's First and Second Assignments of Error raise common and interrelated issues; therefore, we will address the arguments together.

{¶13} In his First Assignment of Error appellant argues, in essence, that the trial court erred in not interpreting the "survivorship costs of living protection" language contained in the original property division order.[1] In his Second Assignment of Error appellant argues the trial court erred in not finding appellee in contempt of court for violating the court's order concerning the "survivorship costs of living protection". [2]

{¶14} In the case at bar, appellant first argues that the trial court erred by not construing the "survivorship costs of living protection" language contained in the original Magistrate's decision. However, in his motion to Show Cause appellant did not ask the court to interpret this language; rather appellant moved the court to find appellee in contempt because, "Plaintiff has failed to provide living protection for Defendant." [Motion for Contempt, filed June 1, 2010 at 2]. The court recognized this at the hearing, stating,

---

[1] See Magistrate's decision at page 16 Paragraph G

[2] We note that appellant has attached to his brief as Appendix A, ""Divorce and STRS Ohio Benefits and Rights- A Guide for STRS Ohio Members and Attorneys" and as Appendix B, "Gary A. Shulan, David I. Kelly and Daniel E. Kelly, *Dividing Pensions in Divorce: Negotiating and Drafting Safe Settlements with QDROs and Present Values,* Third Edition, Aspen Publishers 2010(2011 Supplement), pp. 7-31 – 7- 36. We do not find anywhere in the record where these articles were presented to the trial court or relied upon by the trial court to reach its decision. As the appendices was not considered by the trial court, appellant alludes to matters not contained in the trial court record. In *State v. Hooks* (2001), 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528, the Court noted: "[h]owever, a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500." Appellant's new material may not be considered. See, *North v. Beightler*, 112 Ohio St. 3d 122, 2006-Ohio-6515, 858 N.E. 2d 386, ¶ 7, quoting *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16.

**{¶15}** "…I guess I'm left with looking at the Order as it is. Urn...as this case is presented, it's a contempt. Which in general terms…to prove a contempt, to establish a contempt… there has to be... a valid Court Order that has been violated…without a valid defense. And that's how I'm trying to analysis this case because that's how it's presented from a contempt standpoint, not a [Civ.R.] 60(B), not a you know, a [sic.] appeal of what the Orders should say, or does say. But from that standpoint. And that's a critical, I think framework, for how… a Court has to rule on this case." [T. Nov. 30, 2010 at 45-46].

**{¶16}** R.C. 2705.02 provides in pertinent part:

**{¶17}** "A person guilty of any of the following acts may be punished as for a contempt:

**{¶18}** "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer[.]"

**{¶19}** "The purpose of civil contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice...the purpose of sanctions in a case of civil contempt is to coerce the contemnor in order to obtain compliance with the lawful orders of the court." *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 58, 271 N.E.2d 815, 817. (Citations and internal quotation marks omitted).

**{¶20}** To be guilty of contempt for failure to comply with a court order, there must be an order with which the person charged has failed to comply. See *South Euclid Fraternal Order of Police, Lodge 80 v. D'Amico* (1987), 29 Ohio St.3d 50, 505 N.E.2d 268. If the contempt charge is premised on a party's failure to obey an order of the

court, then the order must be clear and definite, unambiguous and not subject to dual interpretations, and the contemnor must have knowledge of the order. *Chilcote v. Gleason Constr. Co.* (Feb. 6, 2002), Ashland App. No. 01 COA01397, 2002-Ohio-746. An order that is indefinite and uncertain cannot be enforced in contempt. *In re Ayer* (1997), 119 Ohio App.3d 571,576, 695 N.E.2d 1180, 1183-1184.

**{¶21}** In the case at bar the language in question can be susceptible to more than one meaning, as appellant seems to concede in his First Assignment of Error.[3]

**{¶22}** Because the language utilized in the Final Decree of Divorce with regard to survivorship protection of appellant's interest in appellee's STRS retirement benefits is ambiguous, the trial court did not abuse its discretion in finding that appellee was not in contempt of court.

**{¶23}** Appellant's Second Assignment of Error is overruled.

**{¶24}** Appellant further argues that the trial court maintained jurisdiction to clarify and construe the language utilized in the Final Decree of Divorce with regard to survivorship protection of appellant's interest in appellee's STRS retirement benefits.

**{¶25}** In *Wilkens v. Lorenz,* Tuscarawas App. No. 2008 AP 03 0012, 2009-Ohio-107, this Court observed,

**{¶26}** "Under the principle of finality of judgments, a trial court has no authority to reopen an earlier property division order where no appeal was taken from the prior decree and the time to appeal has run. *Grinder v. Grinder,* Stark App. No. 2001 CA00317, 2002-Ohio-1860, citing *Bean v. Bean* (1983), 14 Ohio App.3d 358, 361, 471

---

[3] "So, too, is Appellant herein simply asking the trial court to clarify and construe the language contained in the original property division order…Appellant is asking that the language utilized in the Final Decree of Divorce with regard to survivorship protection of Appellant's interest in Appellee's STRS retirement benefits be clarified and enforced." [Appellant's Brief at 6].

N.E.2d 785. Nonetheless, while a trial court does not have continuing jurisdiction to modify a marital property division incident to a divorce or dissolution decree, it has the power to clarify and construe its original property division so as to effectuate its judgment. *Gordon v. Gordon* ( 2001), 144 Ohio App. 3d 21, 24, 759 N.E. 2d 431, citing R.C. 3105.171(I). If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute. *Quisenberry v. Quisenberry* (1993), 91 Ohio App.3d 341, 348, 632 N.E.2d 916 (citations omitted). An appellate court reviews such an interpretive decision by the trial court under a standard of review of abuse of discretion. Id*." Wilkens v. Lorenz* at ¶18. (Internal quotation marks omitted). See also, *Drummond v. Drummond,* Fairfield App. No. 10-CA-20, 2010-Ohio-6139 at ¶24.

{¶27} In the case at bar, appellee concedes that the language utilized in the Final Decree of Divorce with regard to survivorship protection of appellant's interest in appellee's STRS retirement benefits is ambiguous. Appellee argues appellant should have filed a motion seeking clarification of this language instead of filing a motion to show cause.

{¶28} In the case at bar, the trial court found appellee was not in contempt of court with regard to survivorship protection of appellant's interest in appellee's STRS retirement benefits. Implicit in this finding is the realization that the clause at issue is, as we have previously noted, subject to more than one interpretation. If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree,

the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute.

**{¶29}** Accordingly, appellant's First Assignment of Error is sustained and this case is remanded to the trial court to hear the matter, clarify the confusion, and resolve the dispute.

**{¶30}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Family Court Division, Stark County, Ohio, is hereby affirmed in part and reversed in part and this case is remanded for proceedings in accordance with our opinion and the law.

By Gwin, P.J.,

Edwards, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY

WSG:clw 0909

[Cite as *Godward v. Kory*, 2011-Ohio-5265.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

MARTHA A.. GODWARD,FKA
MARTHA A. KORY                    :
                                  :
          Plaintiff-Appellee      :
                                  :
                                  :
-vs-                              :         JUDGMENT ENTRY
                                  :
MARK KORY                         :
                                  :
                                  :
          Defendant-Appellant     :         CASE NO. 2010-CA-00350


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Family Court Division, Stark County, Ohio, is hereby affirmed in part and reversed in part and this case is remanded for proceedings in accordance with our opinion and the law.  Costs to be divided between the parties.


                                  _____
                                  HON. W. SCOTT GWIN


                                  _____
                                  HON. JULIE A. EDWARDS


                                  _____
                                  HON. PATRICIA A. DELANEY