[Cite as *Crystal Dental Prosthetics, Inc. v. Dagostino*, 2012-Ohio-3823.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98200**

# CRYSTAL DENTAL PROSTHETICS, INC.

PLAINTIFF-APPELLANT

vs.

# MICHAEL DAGOSTINO DDS

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Parma Municipal Court
Case No. 11CVI-03389

**BEFORE:** Rocco, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 23, 2012

**ATTORNEY FOR APPELLANT**

Fadi G. Boumitri
1797 Pearl Road
Brunswick, Ohio   44212

**ATTORNEY FOR APPELLEE**

Bradley P. Toman
Carlisle, McNellie, Rini, Kramer & Ulrich Co., LPA
24755 Chagrin Blvd., Suite 200
Cleveland, Ohio   44122

KENNETH A. ROCCO, J.:

{¶1} In this appeal assigned to the accelerated calendar pursuant to App.R.11.1 and Loc.App.R. 11.1, plaintiff-appellant Crystal Dental Prosthetics, Inc. ("CDP") appeals from the order of the Parma Municipal Court that adopted the magistrate's decision to award $1,311.84 to defendant-appellee Michael Dagostino, D.D.S. in this breach-of-contract action.

{¶2} The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (1st Dist.1983); App.R. 11.1(E).

{¶3} CDP presents seven assignments of error. In essence, CDP asserts that the magistrate misapplied the law to the facts presented at the hearing, therefore, the municipal court acted improperly in adopting the magistrate's decision. This court disagrees. Consequently, CDP's assignments of error are overruled, and the municipal court's order is affirmed.

{¶4} CDP filed a complaint in the municipal court against Dagostino for breach of contract and unjust enrichment, claiming CDP had provided goods to Dagostino but he had failed to pay $1,688.16 he owed to CDP on his account. CDP attached no statement of the account to its complaint.

{¶5} Dagostino filed an answer and a counterclaim, alleging that the goods CDP provided were substandard and unusable, and that he had been required to incur additional costs to replace them. Dagostino requested judgment on his counterclaim in the amount of $3,000.00.

{¶6} The matter proceeded to trial before a magistrate. After hearing the testimony and considering the evidence, the magistrate found that Dagostino had accepted seven dental pieces from CDP but refused to pay for them, so CDP deserved judgment on its complaint.

{¶7} The magistrate further determined, however, that CDP supplied five dental crowns to Dagostino for which he submitted payment to CDP that were substandard. Because Dagostino had communicated his dissatisfaction to CDP but problems persisted, and because Dagostino had been required to replace the items and to incur additional labor, he deserved judgment on his counterclaim. Judgment was rendered for Dagostino in the amount of the difference, viz., $1,311.84.

{¶8} The municipal court subsequently overruled CDP's objections to the magistrate's decision and issued an order adopting it. CDP appeals from that order with seven assignments of error.

{¶9} CDP argues in its first assignment of error that, in granting Dagostino judgment on his counterclaim, the magistrate failed to impose a duty on Dagostino to mitigate his damages. This argument is rejected.

{¶10} Dagostino presented evidence to prove that, in supplying the goods at issue, CDP breached R.C. 1302.27 and 1302.28, the implied warranties of merchantability and fitness. Dagostino further provided evidence that he notified CDP of the problems he was experiencing with the dental pieces CDP supplied, but the problems remained. Therefore, pursuant to R.C. 1302.65(B) and (D), Dagostino was not barred from seeking the remedy provided by R.C. 1302.88. *Bldrs. Kitchens of Stark Cty., Inc. v. Sibel*, 189 Ohio App.3d 41, 2010-Ohio-890, 937 N.E.2d 570 (1st Dist.), ¶ 36-37; *AFG, Inc. v. Great Lakes Heat Treating Co.*, 51 Ohio St.3d 177, 179–180, 555 N.E.2d 634 (1990).

{¶11} In contravention of App.R. 16(A)(7), CDP argues its second and third assignments of error together. Consequently, this court declines to address them. *Patino v. Faust*, 8th Dist. No. 90475, 2008-Ohio-6280, ¶ 7; App.R. 12(A)(2).

{¶12} Similarly, CDP's fourth, fifth, and sixth assignments of error are unsupported by citations to authority as required by App.R. 16(A)(7). Consequently, this court also declines to address them. App.R. 12(A)(1)(b) and (A)(2).

{¶13} In its seventh assignment of error, CDP argues that, in granting Dagostino judgment on his counterclaim, the magistrate failed to apply the "customs and industry standards" that applied to the parties. CDP asserts the industry required Dagostino to absorb the cost of the work involved in replacing and fitting "bad" dental pieces for his patients. The evidence presented at the hearing, however, does not support such an assertion. *See, e.g.*, *Parsell v. Bielser*, 3d Dist. No. 7-01-06, 2001-Ohio-2176; *Bldrs.*

*Kitchens of Stark Cty., Inc.*, 189 Ohio App.3d 41, 2010-Ohio-890, 937 N.E.2d 570 (2d Dist.).

**{¶14}** Accordingly, CDP's seventh assignment of error is overruled.

**{¶15}** The municipal court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR