[Cite as *Perkins v. Gorski*, 2013-Ohio-265.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98478**

## MICHAEL W. PERKINS

PLAINTIFF-APPELLEE

vs.

## JOHN A. GORSKI, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-756895

**BEFORE:** Celebrezze, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 31, 2013

**ATTORNEYS FOR APPELLANTS**

**For John A. Gorski and Five Brothers Leasing, L.L.C.**

Charles J. Pawlukiewicz
Robert T. Glickman
McCarthy, Lebit, Crystal & Liffman Co., L.P.A.
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio   44115-1088

**For Aerowave, Inc.**

Jay C. Marcie
Marcie & Associates, L.P.A.
1001 Jaycox Road
Suite 1
Avon, Ohio   44011

**Receiver for ArcAlloy Metal Fabrication Solutions, L.L.C.**

Sean Allan
Allan & Gallagher, L.L.P.
1300 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Thomas L. Brunn, Jr.
Alison D. Ramsey
The Brunn Law Firm Co., L.P.A.
208 Hoyt Block Building
700 West St. Clair Avenue
Cleveland, Ohio   44113

**ALSO LISTED**

ArcAlloy Metal Fabrication Solutions (pro se)
910 Cahoon Road
Westlake, Ohio   44145

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, John A. Gorski, appeals the decision of the Cuyahoga County Court of Common Pleas finding him in contempt of a prior order. After careful review of the record and relevant case law, we reverse the trial court's judgment of contempt.

{¶2} In July 2008, plaintiff-appellee, Michael W. Perkins, and Gorski formed the companies ArcAlloy Metal Fabrication Solutions, L.L.C. ("ArcAlloy") and Elyria Investments Ltd.

{¶3} Following the parties' impasse regarding the continued operation and management of ArcAlloy, Perkins filed a lawsuit against Gorski and defendant ArcAlloy on June 6, 2011. The complaint alleged that Gorski breached his fiduciary duty and sought accounting, inspection of the books and records, and judicial dissolution of ArcAlloy.

{¶4} Perkins subsequently moved for the appointment of a receiver, which Gorski opposed. Following the initial pretrial on August 18, 2011, the parties agreed on, and submitted for filing, a proposed entry prohibiting either party from making "extraordinary expenditures" on behalf of ArcAlloy without the approval of both members or until further order of the court. On September 1, 2011, the trial court adopted the jointly proposed entry and issued an order as follows:

It is hereby ordered that the parties shall establish an interest bearing escrow account on which James P. Cullen, Esq. and Thomas L. Brunn, Jr., Esq. shall be named as account holders and/or signatories. Deft. John A. Gorski shall promptly deposit Eighty Thousand Dollars ($80,000.00) into said escrow account, with said money to remain on deposit until further order of the Court, with the intention that these funds will remain on deposit until the conclusion of the litigation herein. Pltf. Motion to Appoint Receiver is withdrawn. The parties will continue to exchange financial information with regard to ArcAlloy Metal Fabrication Solutions, LLC and Elyria Investments, LLC.[1] No extraordinary expenditures will be made on behalf of either entity without the approval of both members or until further order of the Court.

{¶5} On December 8, 2011, the trial court appointed Sean Allan, Esq. ("the Receiver") as the receiver on behalf of ArcAlloy, though his specific duties and authority were not determined until February 3, 2012.

{¶6} On March 2, 2012, Perkins filed a motion to hold Gorski in contempt of court. In his motion, Perkins alleged that, despite the trial court's September 1, 2011 order prohibiting extraordinary expenditures, and despite Gorski's representations to the Receiver that ArcAlloy had ceased operations by the beginning of January 2012, Gorski caused amounts in excess of $80,000 to be withdrawn from ArcAlloy's account. Gorski opposed the motion, and the matter proceeded to a hearing on May 22, 2012.

---

[1] Through his First and Second Amended Complaints, Perkins also joined defendants Elyria Investments, L.L.C., Aerowave, Inc., and Five Brothers Leasing, L.L.C. Perkins sought judicial dissolution of Elyria Investments, which holds title to the building in which ArcAlloy operated, and demanded an accounting from Aerowave and Five Brothers Leasing, to which Perkins believed Gorski improperly diverted assets and employees of ArcAlloy.

**{¶7}** Following the hearing, the trial court issued an order on May 31, 2012, finding Gorski in contempt and ordering him to pay $61,189.92. In its order, the trial court found the following expenditures to be in violation of the September 1, 2011 order:

Gorski's payment to himself on November 10, 2011 beyond the payroll amount of $6,000 is extraordinary and was not with the permission of either Mr. Perkins or the Court. Therefore, the amount of $2,154 beyond his payroll to himself is not permissible.

The November 28, 2011 payment to GNC Technology in the amount of $10,000 for website development was extraordinary and without the permission of Mr. Perkins or the Court.

The November 16, 2011 purchase from HGR Industrial Supplies for $10,885 is impermissible.[2]

Business ceased after January 3, 2012. The Spot Welder bought on December 23, 2011 for $19,500, and which was delivered after January 3, 2012, was extraordinary and without permission of Mr. Perkins or the Court.

The further payroll related expenses for January 19, 2012 ($2,867.89); February 1, 2012 ($4,538.51); and February 2, 2012 payment for ($2,097.02) are extraordinary. This totals $52,042.42.

Further, the expenses of Thomas Brunn, Jr. in connection with the Contempt Motion total 26.80 hours at $200.00 an hour totals $5,360.00.

Further, the expenses for Professional Services for Sean Allan total 9.35 hours at $250.00 an hour totals $2,337.50.

Further expenses for Clifford W. Croley in connection with the Contempt Motion total 7.5 hours for a total of $1,450 in fees.

---

[2] The transaction with HGR Industrial Supplies included the purchase of a dust collector, a layout table, a swivel vice, a vertical rotary table, and a welding positioner.

**{¶8}** Gorski now brings this timely appeal, raising two assignments of error for review:

> I.  The trial court's May 31, 2012 order finding defendant Gorski in contempt of court of its September 1, 2011 order was error because the September 1 order was unclear, indefinite, and ambiguous.

> II.  The trial court's May 31 contempt order is contrary to law because there was not clear and convincing evidence demonstrating defendant Gorski's failure to comply with the September 1 order.

Law and Analysis

Standard of Review

**{¶9}** Contempt is a disobedience or disregard of a court order or command. *State ex rel. Corn v. Russo,* 90 Ohio St.3d 551, 554, 2001-Ohio-15, 740 N.E.2d 265. "The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." *Windham Bank v. Tomaszczyk,* 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph two of the syllabus. A finding of civil contempt requires clear and convincing evidence that the alleged contemnor has failed to comply with the court's prior orders. *Flowers v. Flowers,* 11th Dist. No. 10AP-1176, 2011-Ohio-5972, ¶ 9. In order to be clear and convincing, evidence must leave the trier of fact with the firm conviction or belief that the allegations involved are true. *Patino v. Foust*, 8th Dist. No. 90475, 2008-Ohio-6280. Further, we review a trial court's finding of civil contempt for an abuse of discretion. *Id.* at ¶ 17. Therefore, we will not disturb the trial court's finding of contempt unless we find such finding to be arbitrary, unreasonable, or unconscionable. *Id*.

Ambiguity of Order

**{¶10}** In his first assignment of error, Gorski argues that the trial court's May 31, 2012 order finding him in contempt of court was error because the trial court's September 1, 2011 order failed to adequately define the term "extraordinary expenditure," causing confusion and dispute amongst the parties over the term's interpretation.

**{¶11}** In support of his position, appellant relies on this court's decision in *In re Contempt of Gilbert*, 8th Dist. Nos. 64299 and 64300, 1993 Ohio App. LEXIS 5999 (Dec. 16, 1993). In *Gilbert*, we stated, "if a contempt order is premised on a party's failure to obey an order of the court, then the order must be clear and definite, unambiguous and not subject to dual interpretations, and the contemner must have knowledge of the order." *Id.* at *5, citing *Ahmed v. Reiss S.S. Co.*, 580 F. Supp. 737 (N.D.Ohio 1984). This court explained, however, that "where the meaning of a court's order is plain on its face, a party's misunderstanding of that order and its mandate does not make the order ambiguous nor a defense to a contempt proceeding." *Gilbert*, 1993 Ohio App. LEXIS 5999, at *6; *see also Chilcote v. Gleason Const. Co.*, 5th Dist. No. 01COA01397, 2002-Ohio-746, ¶ 11.

**{¶12}** In the case at hand, Gorski does not dispute the fact that he had knowledge of the September 1, 2011 order. Rather, Gorski contends that the order's use of the term "extraordinary expenditure" is unclear, indefinite, ambiguous, and subject to more than one interpretation. We agree.

**{¶13}** Significant to our conclusion is the trial court's failure to provide the parties guidance as to what constituted an "extraordinary expenditure." As acknowledged by the trial court in its contempt order, "the term 'extraordinary expenditures' has not been defined by the courts." Without proper instruction from the trial court, the term's meaning is highly subjective in this instance.

**{¶14}** Further, the trial court did not expressly indicate how Gorski was required to conduct the ongoing day-to-day business operations of ArcAlloy. Under these circumstances, and without further direction by the court, we find that it was reasonable for Gorski to believe that, despite the September 1, 2011 order, he was permitted to perform the "ordinary" day-to-day business operations of ArcAlloy until ordered otherwise.

**{¶15}** "A trial court cannot impose contempt sanctions on a party if the party cannot know whether or not its actions violate the trial court's order. Merely because the trial court knew what its order meant does not mean the parties knew what the order meant." *Contos v. Monroe Cty.*, 7th Dist. No. 04 MO 3, 2004-Ohio-6380, ¶ 24. "Thus, although general arguments that the alleged contemnor lacked intent or misunderstood the court order are invalid defenses, *where the trial court's order is subject to more than one reasonable interpretation, contempt is not the proper remedy*." (Emphasis sic.) *Rohr v. Williams*, 7th Dist. No. 06 MA 171, 2007-Ohio-7207, ¶ 38.

**{¶16}** In this case, the challenged expenditures involved purchases of equipment and services that are commonly used in the course and scope of operating and

maintaining a successful metal fabrication business. Thus, the expenditures at issue appear to be ordinary, not extraordinary. For these reasons, we find that it was reasonable for Gorski to believe he was acting in compliance with the terms of the trial court's September 1, 2011 order.

{¶17} Based on the foregoing, we conclude that the trial court's use of the term "extraordinary expenditures," without further direction, was subject to duel interpretations, and therefore ambiguous. Accordingly, the trial court abused its discretion in finding Gorski in contempt of the September 1, 2011 order.

{¶18} Appellant's first assignment of error is sustained. The trial court's judgment is reversed.

{¶19} Based on our resolution of appellant's first assignment of error, appellant's remaining assignment of error is rendered moot.

{¶20} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS WITH SEPARATE OPINION

SEAN C. GALLAGHER, J., CONCURRING:

{¶21} I concur with the judgment and analysis of the majority, but write separately to address my concerns with how this case proceeded that resulted in our decision to reverse the judgment of the trial court.

{¶22} The record reflects that a receiver was requested by Perkins immediately after the filing of this action. The parties then decided to enter into an agreement prohibiting either party from making "extraordinary expenditures" without clearly defining that term.

{¶23} Had either the receiver been appointed and empowered from the start or the term "extraordinary expenditures" been clearly defined, my decision in this case might well have been different.