[Cite as *Doe v. Univ. Hosps. Health Sys., Inc.*, 2023-Ohio-2120.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

JANE AND JOHN DOES 1-4:
KIRCHICK, et al.,

        Plaintiffs,

- vs -

UNIVERSITY HOSPITALS
HEALTH SYSTEM, INC., et al.,

        Defendant-Appellee,

(SUBODH CHANDRA, ESQ.,

        Appellant).

**CASE NO. 2022-G-0036**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 P 000722

---

## O P I N I O N

Decided: June 26, 2023
Judgment: Reversed

---

*Justin E. Herdman*, *Lisa B. Gates*, and *Stephanie A. Wojtasik*, Jones Day, 901 Lakeside Avenue, Cleveland, OH 44114 (For Defendant-Appellee)

*Todd E. Petersen*, Petersen & Petersen, 10680 Mayfield Road, Chardon, OH 44024, and *Paul W. Flowers*, *Louis E. Grube*, and *Melissa A. Ghrist*, Flowers & Grube, Terminal Tower, 40th Floor, 50 Public Square, Cleveland, OH 44113 (For Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Subodh Chandra, Esq., appeals the decision of the trial court holding him in contempt. We reverse.

{¶2} This matter stems from a civil case filed in the trial court, wherein the plaintiffs pseudonymously filed a class action complaint against several defendants,

including University Hospitals Health System, Inc. ("UH") and Andrew Bhatnager, Ph.D., alleging that the defendants engaged in conduct which destroyed the plaintiffs' and other class members' frozen eggs and embryos that had been stored at University Hospitals Ahuja Medical Center. The complaint alleged that the eggs and embryos were damaged when the temperature rose in a large liquid-nitrogen tank where they were stored for cryopreservation as part of the in vitro fertilization process pursued by the plaintiffs. The merits of this action are not at issue in this appeal, and the plaintiffs ultimately dismissed the claims against all defendants.

{¶3} Tucker Ellis initially served as counsel for defendants UH and its affiliates and individually named doctors, including Bhatnager. On behalf of these defendants, Tucker Ellis filed a motion to dismiss the first amended complaint pursuant to Civ.R. 10(A) and 12(B)(1) due to the plaintiffs' failure to identify themselves in the complaint without obtaining leave of court to proceed under a pseudonym. On March 4, 2021, Chandra filed a notice substituting himself as counsel for Bhatnager. On March 7, 2021, Chandra, on behalf of Bhatnager, filed a motion entitled: "(1) Motion to Strike University Hospitals Defendants Motion to Dismiss and Opposition to Plaintiffs' Motion For Leave to Proceed Pseudonymously Because His Prior Counsel Misrepresented to this Court that those Filings Represented Dr. Bhatnager's Position; (2) Alternatively, Opposition to Other University Hospitals' Motion to Dismiss; and (3) Memorandum Joining Plaintiffs' Motion For Leave To Proceed Pseudonymously." Therein, Bhatnager indicated that he would never attempt "to force patients to reveal their identities over such an intimate matter as fertility treatments." Thereafter, UH filed a notice of amendment to its previous filings to remove Bhatnager as a filing party.

2

{¶4} Subsequently, further disputes arose between UH and Bhatnager. On March 17, 2021, UH filed a motion for leave to file "protected documents" under seal. In support, UH maintained that a protective order had been issued in other cases pertaining to the same incident at the Ahuja Medical Center. UH indicated that it had previously produced "protected documents" in those cases which Dr. Bhatnager referenced in his March 7, 2021 filing in the present case. UH requested that it be permitted to file the following exhibits under seal as "protected documents" in the present case: (1) excerpts from a liability policy, (2) an independent contractor agreement for non-physician professionals, and (3) a first amendment of the agreement. The court granted leave to file the three exhibits under seal.

{¶5} On April 1, 2021, Chandra, on behalf of Bhatnager, filed a motion to disqualify Tucker Ellis. Early the next day, co-counsel for UH contacted the trial judge's chambers and advised a staff member that the motion to disqualify was replete with material over which UH claimed attorney-client privilege, work product, and confidentiality. Thereafter, the trial court issued an order stating, in its entirety:

> This matter is before the Court on the court's own motion. It has come to the court's attention that counsel for defendant, Dr. Andrew Bhatnager, Ph.D., may have inadvertently filed attachments to the Motion to Disqualify his Former Counsel on April 1, 2021, that may have been intended to be confidential and filed under seal.
>
> The Court previously issued an Order Granting University Hospitals Health Systems, Inc. Motion for Leave to File "Protected Documents" Under Seal on March 24, 2021.
>
> The Court hereby orders the Clerk of Court to remove the image of the Motion to Disqualify his Former Counsel filed on April 1, 2021, from the docket until Monday, April 5, 2021 at 4:30 p.m. in order to give the parties an opportunity to file a motion for any documents or attachments to be filed under

3

seal.  If no motion is filed, the Clerk of Courts is directed to restore the documents to the docket for public view.

**IT IS SO ORDERED.**

{¶6}   Following issuance of this order, on April 2, 2021, UH filed a motion for a temporary restraining order prohibiting Chandra, and all counsel in this matter, from speaking publicly on the issues presented in Bhatnager's motion to disqualify until further order.  In its motion, UH maintained that the motion to disqualify contained a 25-page affidavit "replete with attorney-client privileged information that Dr. Bhatnager was not permitted to reveal and attaching documents publicly in violation of several previously entered Protective Orders" in other cases.

{¶7}   Approximately one-half hour later, Chandra, on behalf of Bhatnager, filed a "Notice of Replaced, Redacted Filing of Motion to Disqualify," wherein he indicated that he had inadvertently failed to redact a patient name on the April 1, 2021 filing, and he refiled the motion to disqualify with the patient name redacted.  The notice states that the refiled motion to disqualify should not be placed under seal because nothing within the attachments was subject to sealing.

{¶8}   Later, on the afternoon of April 2, 2021, the trial court granted UH's motion for a temporary restraining order prohibiting counsel from speaking publicly about the subject matter of the motion to disqualify or its attached exhibits until further order of the court.

{¶9}   On April 9, 2021, UH filed a motion requesting the court to order Chandra to show cause as to why he should not be held in contempt due to his public refiling of the motion to disqualify on April 2, 2021.  In support, UH maintained that the refiling violated the court's April 2, 2021 order, set forth in full above.  The court issued an order

4

requiring Chandra to appear and show cause. Chandra filed a brief in response to the show-cause order, and UH filed a reply.

{¶10} In connection with the contempt proceedings, Chandra issued subpoenas to the judge presiding over this case and her staff and thereafter requested the judge to recuse herself. Chandra maintained that it had become clear that a UH lawyer had an ex parte conversation with judicial staff that resulted in the trial court's April 2, 2021 order. Chandra argued that the testimony of the judge and her staff were relevant as to the issues of the ambiguity of the April 2, 2021 order and Chandra's lack of intent to violate the order. UH responded in opposition, maintaining that the April 2, 2021 order was unambiguous, and there was no need for discovery from the court and no basis for recusal. The judge and her staff then moved to quash the subpoenas, and the judge thereafter assigned the matters of the motions to quash to a different judge. Meanwhile, Chandra filed an affidavit of disqualification of the trial court judge with the Ohio Supreme Court. The Chief Justice of the Ohio Supreme Court determined that disqualification was not warranted. Subsequently, a visiting judge was appointed by the Ohio Supreme Court for the limited purpose of ruling on the motions to quash. The visiting judge granted the motions to quash, reasoning, in part, that a court speaks only through its journal entries, and a judge is not obliged to explain aspects of a decision or testify as to the meaning or intent of her decisions.

{¶11} Thereafter, the trial court set the contempt issue for hearing on June 24, 2022. Counsel for Chandra moved to continue the hearing, and the trial court granted the motion and scheduled a telephone conference to reschedule the hearing. The hearing was thereafter rescheduled for August 24, 2022. However, prior to hearing,

5

counsel for Chandra filed a notice regarding consideration of the motion to show cause, stating that "in response to a question posed [by] the Court in the telephone conference of May 19, 2022" that he was notifying the court of "his consent to having the Motion to Show Cause considered on the existing briefing." UH also filed a notice agreeing that no evidentiary hearing need be held on the motion. Thereafter, the court ordered the parties to file any briefs, evidence, documents, or information related to the motion to show cause by June 21, 2022, and noted that the motion would be decided without oral hearing.

{¶12} On September 15, 2022, the trial court issued a judgment finding Chandra in indirect criminal contempt and ordering that he pay a fine of $100.00 and successfully complete 10 hours of continuing legal education instruction in professional conduct within one year of the judgment.

{¶13} In his first assigned error, Chandra argues:

{¶14} "The trial court's contempt finding against Attorney Chandra rests on insufficient evidence."

{¶15} Chandra first argues that the April 2, 2021 entry failed to unambiguously order Chandra to engage or refrain from engaging in any particular conduct, and thus he could not be held in contempt for refiling the motion to disqualify.

{¶16} "Contempt of court has been variously defined as 'disobedience of an order of a court' and 'conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions.'" *Allen v. Allen*, 2022-Ohio-3198, 196 N.E.3d 368, ¶ 61 (11th Dist.), quoting *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988). "'A court may punish disobedience of its order, pursuant to R.C. 2705.02(A) or the court's inherent

6

power to enforce its authority.'" *Allen* at ¶ 61, quoting *State ex rel. Adkins v. Sobb*, 39 Ohio St.3d 34, 35, 528 N.E.2d 1247 (1988).

{¶17} Here, it is undisputed that the trial court found Chandra in indirect, criminal contempt. *See Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 12 (criminal, as opposed to civil, contempt is generally characterized by unconditional sanctions intended to punish the contemnor and vindicate the authority of the court). Criminal contempt premised on noncompliance with a court order requires proof of "a valid court order, knowledge of the order by the defendant, and a violation of the order." (Citations omitted.) *State v. Komadina*, 9th Dist. Lorain No. 03CA008325, 2004-Ohio-4962, ¶ 11. Moreover, an alleged contemnor may not be sanctioned for criminal contempt unless he intended to defy the court order. *Midland Steel Prods. Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121, 127, 573 N.E.2d 98 (1991). The elements of criminal contempt must be proved beyond a reasonable doubt. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 251, 416 N.E.2d 610 (1980). ""An appellate court, when reviewing a trial court's finding of indirect criminal contempt, must determine whether sufficient evidence existed for the trial court to reasonably conclude beyond a reasonable doubt that the contemnor purposely, willfully, or intentionally violated a prior court order.""" *Matter of D.S.S.*, 2020-Ohio-5387, 163 N.E.3d 59, ¶ 19 (11th Dist.), quoting *Weisgarber v. Weisgarber*, 5th Dist. Stark No. 2015CA00158, 2016-Ohio-676, ¶ 10, quoting *In re West*, 5th Dist. Knox No. 14CA22, 2015-Ohio-1501, ¶ 19.[1]

---

1. UH maintains that we review contempt findings for an abuse of discretion. While we generally review a trial court's ultimate decision on contempt for an abuse of discretion, a court does not have discretion to impose sanctions for criminal contempt without proof beyond a reasonable doubt of all required criminal contempt elements. *Compare Schneider v. Schneider*, 11th Dist. Ashtabula Nos. 2020-A-0007, 2020-A-0015, 2021-Ohio-1058, ¶ 51 *with Roberts v. Farrell*, 3d Dist. Marion No. 9-22-46, 2023-Ohio-1109, ¶ 35. Thus, where insufficient evidence of criminal contempt is presented, the trial court necessarily abuses its

7

{¶18} "'In order to be "guilty of contempt for failure to comply with a court order, there must be an order with which the person charged has failed to comply."'" *Roberts v. Farrell*, 3d Dist. Marion No. 9-22-46, 2023-Ohio-1109, ¶ 43, quoting *Washington Mutual Bank v. Beatley*, 2020-Ohio-4658, 159 N.E.3d 886, ¶ 26 (10th Dist.), quoting *Godward v. Kory*, 5th Dist. Stark No. 2010-CA-00350, 2011-Ohio-5265, ¶ 20. "'In general, "[p]roceedings for contempt for noncompliance will not lie where the order does not expressly address the alleged act of disobedience."'" *Roberts* ¶ 43, quoting *Washington Mutual Bank* at ¶ 28, quoting *Cortland United Methodist Church v. Knowles*, 11th Dist. Trumbull No. 2006-T-0110, 2007-Ohio-3383, ¶ 34. Such an order ""must be clear and definite, unambiguous and not subject to dual interpretations, and the contemnor must have knowledge of the order."'" *Roberts* at ¶ 43, quoting *Marysville v. Wilson*, 3d Dist. Union No. 14-94-8, 1994 WL 378992, *2 (July 20, 1994), quoting *In re Contempt of Gilbert*, 8th Dist. Cuyahoga Nos. 64299, 64300, 1993 WL 526788, *2 (Dec. 16, 1993). Moreover, "a party can only be held in contempt of court for failing to comply with the language the court employed in the four corners of the applicable court order." *Schneider v. Schneider*, 11th Dist. Ashtabula Nos. 2020-A-0007, 2020-A-0015, 2021-Ohio-1058, ¶ 56, citing *Cain v. Cain*, 11th Dist. Portage No. 2017-P-0084, 2019-Ohio-184, ¶ 21.

{¶19} As this court explained in *Cain*:

> In ruling upon a contempt motion, "the first step is to 'look to the text of the order to determine whether it is clear.' [*United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir.2005)]. 'The test is whether the putative contemnor is "able to ascertain from the four corners of the order precisely what acts are forbidden."' *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 76 (1st Cir.2002) * * *. However, this is not an exercise in

discretion in finding the accused in criminal contempt. *See In re Guardianship of Finan*, 2014-Ohio-3572, 18 N.E.3d 459, ¶ 18 (5th Dist.); and *In re D.S.S.*, 2020-Ohio-5387, 163 N.E.3d 59, ¶ 6, 19-20 (11th Dist.).

8

Case No. 2022-G-0036

the abstract; the 'four corners' rule grounds the analysis to determine whether 'the words of the court's order have clearly and unambiguously forbidden *the precise conduct on which the contempt allegation is based.*' *Saccoccia*, 433 F.3d at 28 (emphasis in original) * * *. 'The purpose of this "four corners" rule is to assist the potential contemnor by narrowly cabining the circumstances in which contempt may be found.' *Id.* at 28. It is because '[t]he consequences that attend the violation of a court order are potentially dire ... [that] courts must 'read court decrees to mean rather precisely what they say.' [*Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 17 (1st Cir.1991)]." *UTGR, Inc. v. Mutuel/Gaming Clerks Union of Rhode Island*, D. Rhode Island No. CA09-046 S, 2010 WL 231122, *2 (Jan.12, 2010).

*See also Perkins v. Gorski*, 8th Dist. Cuyahoga No. 98478, 2013-Ohio-265, ¶ 15, quoting *Contos v. Monroe Cty.*, 7th Dist. Monroe No. 04 MO 3, 2004-Ohio-6380, ¶ 24 ("'Merely because the trial court knew what its order meant does not mean the parties knew what the order meant.'").

**{¶20}** Here, Chandra maintains that the April 2, 2021 order only unambiguously ordered the clerk to remove the initially filed motion to disqualify and did not unambiguously preclude Chandra from refiling his motion to disqualify after redacting a patient's name.

**{¶21}** We agree. Again, the April 2, 2021 order reads, in its entirety:

This matter is before the Court on the court's own motion. It has come to the court's attention that counsel for defendant, Dr. Andrew Bhatnager, Ph.D., may have inadvertently filed attachments to the Motion to Disqualify his Former Counsel on April 1, 2021, that may have been intended to be confidential and filed under seal.

The Court previously issued an Order Granting University Hospitals Health Systems, Inc. Motion for Leave to File "Protected Documents" Under Seal on March 24, 2021.

The Court hereby orders the Clerk of Court to remove the image of the Motion to Disqualify his Former Counsel filed on

9

April 1, 2021, from the docket until Monday, April 5, 2021 at 4:30 p.m. in order to give the parties an opportunity to file a motion for any documents or attachments to be filed under seal. If no motion is filed, the Clerk of Courts is directed to restore the documents to the docket for public view.

**IT IS SO ORDERED.**

**{¶22}** The order clearly directs the clerk of courts to remove the initial motion to disqualify from the docket until April 5, 2021, unless the parties filed motions for any documents or attachments to be filed under seal. The order does not explicitly direct Chandra to refrain from refiling the brief with a redaction. Further, although the court references its prior order granting leave to UH to file protected documents under seal, the April 2, 2021 order does not explain the significance of that order, nor does the April 2, 2021 order specify what information the court believed should have been filed under seal.

**{¶23}** We recognize that, given the nature of the disagreements and discussions between Bhatnager, UH, and their respective counsel, it may have been apparent to the court, the parties, and counsel that the court issued the April 2, 2021 order due to concerns that the motion to disqualify or its attachments contained information *that UH claimed was privileged,* and the court was requiring the opportunity for the parties to brief this issue before Chandra would be permitted to file his motion to disqualify on the public docket. However, such an intention is not apparent *on the face of the order.* Accordingly, the refiling was not unambiguously proscribed by the trial court's April 2, 2021 order.

**{¶24}** To this extent, Chandra's first assigned error has merit, and we need not reach any further issues raised in the first assigned error.

**{¶25}** In his second through fourth assigned errors, Chandra maintains:

10

Case No. 2022-G-0036

{¶26} "[2.] Attorney Chandra was denied the Sixth Amendment right to compulsory process in a criminal proceeding.

{¶27} "[3.] The trial court denied Attorney Chandra procedural due process by ordering that his subpoenas should be quashed without an evidentiary hearing.

{¶28} "[4.] The trial court abused its discretion by quashing attorney Chandra's subpoenas."

{¶29} The second through fourth assigned errors challenge other aspects of the contempt proceedings. Our disposition of the first assigned error renders the remaining assigned errors moot, and we decline to address them.

{¶30} The judgment of the trial court is reversed.

JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.